J-S53017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER BURLESON, | |
| Appellant | No. 1917 WDA 2013 |

Appeal from the Judgment of Sentence of November 15, 2013
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-SA-0000025-2013

BEFORE:  DONOHUE, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 23, 2014**

Appellant, Christopher Burleson, appeals *pro se* from a judgment of sentence entered on November 15, 2013, following his summary appeal to the Court of Common Pleas of Somerset County.  We dismiss this appeal because of Appellant's failure to file a brief that conforms to our procedural rules.

The trial court summarized the historical facts of this case as follows:

> [Appellant] is employed as an over[-]the[-]road tractor-trailer driver by Weldrite, Inc., Salem, Arkansas, and, on the occasion in question being February 26, 2013, was making a delivery of a wood-burning furnace in the village of Jerome, Somerset County, Pennsylvania.  [Appellant's] tractor was pulling a flatbed trailer to a location near [Travis Anderson's ("Complainant's")] residence, 105 Fifth Street, Jerome, Somerset County, Pennsylvania.  As he was completing his delivery[, Appellant] was warned by [his] customer that a curve he was about to take was such that he would probably not be able to [navigate it] considering the size of his vehicle.  After considering his options of either attempting to back up around curves in a residential

*Retired Senior Judge assigned to the Superior Court.

neighborhood or to take the very dangerous and "close to impossible" option of taking the sharp curve as darkness was upon him, [Appellant] chose to negotiate the sharp curve. He entered the sharp right turn by being as far to the left as he reasonably could and realized that he had a 50-50 chance that he would hit the Complainant's fence. Inasmuch as he did not hear a noise, bang, or clunk[, Appellant] "didn't think much about it."

Complainant, an off-duty Wildlife Conservation Officer employed by the Pennsylvania Game Commission, resided at 105 [Fifth] St[reet], Jerome, PA and was standing in his kitchen window, looking outside, when he noticed [Appellant's] tractor-trailer negotiate the turn in front of his residence as the back tires of the trailer portion [of Appellant's vehicle] ran over three sections of his split rail fence along his garden. At the time the weather conditions were snowy, and the roads were snow-covered and slushy. [Complainant] donned his Game Commission jacket with official insignia and jumped into his Game Commission vehicle because he had just recently parked it and the windows were clear of snow. He followed the direction of [Appellant's] travel and observed the vehicle approximately 500 yards away sitting in the middle of the road. [Appellant] had stopped at that point because he realized he had not filled out his logbook as required by law and needed to make an entry. Complainant exited his Game Commission vehicle behind [Appellant's] trailer and proceeded up alongside the truck with a flashlight. As [Complainant] proceeded about halfway towards the tractor[,] the vehicle began to move and proceed forward down Hill Street toward State Highway 601. Complainant returned to his vehicle and turned on his emergency red and blue lights to follow [Appellant], who, upon seeing the lights, stopped his vehicle on Hill Street. Again, Complainant exited his vehicle and proceeded up alongside the driver's side of the tractor-trailer carrying his flashlight. Complainant asked [Appellant] if he knew that he had hit Complainant's fence. [Appellant] responded that the subject fence was illegally in the right-of-way of the road. Complainant indicated his disagreement and informed [Appellant] that the fence was on private property; however, because Complainant was only a Wildlife Conservation Officer, he [informed Appellant that he] had no jurisdiction for purposes of reporting the incident and that [Appellant] would have to wait until the local police arrived[.] Believing that he was in danger, [Appellant] proceeded to drive away at normal speed as Complainant had

returned to his vehicle. Complainant followed in his vehicle at normal speeds with the red and blue lights off so as to avoid alarming the public. Because the rear end of the trailer was covered by a portable forklift, the license plate was not visible to Complainant who otherwise could have taken the license plate number and reported [it] to the police. Complainant continued to follow [Appellant's tractor-trailer] onto Route 219, a limited access four-lane highway, while he talked with the 911 operator by his cell phone. The [Conemaugh] Township police officer, Officer [Vincent] Zangaglia, was responding due to the 911 alert and relayed to Complainant to activate his red and blue lights in an attempt to stop [Appellant's] tractor-trailer again. [Appellant] did, in fact, pull over at the next exit of the limited access highway, the Boswell exit; however, he only stayed there about 30 seconds. It turns out that [Appellant] was also talking to the 911 operator and advised them that he wasn't waiting around and was not stopping for Complainant. [Appellant] again returned to Route 219 whereupon he exited at the next exit, the first of three Somerset exits. At this point in time, the [p]olice had maneuvered to the exit and stopped [Appellant] from further travel. The total distance traveled from Jerome to where [Appellant] was finally stopped and cited by the police was approximately [nine] miles. A delayed citation was filed the next day by Officer Zangaglia indicating that "[Appellant] struck a wooden fence causing damage to the fence and failed to stop and supply information."

The damage to the fence was established at approximately $38.00 which was promptly paid by [Appellant's] employer.

[Appellant] was found guilty [by] the District Magistrate [following a] summary trial and was sentenced to pay a fine and costs totaling $411.11. [Thereafter, Appellant appealed his summary conviction and sought a trial *de novo* before the trial court. Following a non-jury trial convened on November 15, 2013, the court ordered Appellant to pay a $300.00 fine after it found him in violation of 75 Pa.C.S.A. § 3745, entitled "accidents involving damage to unattended vehicle or property." This appeal followed.]

Trial Court Opinion, 12/18/13, at 1-4 (opinion not paginated; record citations omitted).[1]

Appellant filed his brief to this Court on May 12, 2014. Appellant's submission consists of a recitation of the historical facts surrounding the February 26, 2013 incident together with a list of the reasons supporting Appellant's contention that the verdict was erroneous. Appellant's brief did not contain any of the sections required under our appellate rules and failed to cite pertinent authority and relevant portions of the certified record. Because Appellant's noncompliance with our appellate rules has effectively precluded appellate review, we are constrained to dismiss this appeal.

The Pennsylvania Rules of Appellate Procedure set forth mandatory briefing requirements for litigants presenting their claims before this Court. *See* Pa.R.A.P. 2101; *see also* Pa.R.A.P. 2111, 2114-2119. Briefs filed with this Court must include a jurisdictional statement, statement of the scope and standard of review, a statement of the questions presented, and a statement of the case. *See* Pa.R.A.P. 2111(a). Most importantly, briefs must contain an argument section that develops claims through meaningful discussion supported by pertinent legal authority and citations to the record. Pa.R.A.P. 2111(a)(8); Pa.R.A.P. 2119. We may quash or dismiss an appeal

_____

[1] Appellant filed a timely notice of appeal on November 27, 2013. Thereafter, the trial court issued an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal. Appellant filed his concise statement on December 6, 2013.

where an appellant fails to comply with the briefing requirements of our appellate rules. Pa.R.A.P. 2102; *see also Commonwealth v. Adams*, 882 A.2d 496, 497-498 (Pa. Super. 2005) (Superior Court may quash or dismiss appeals where non-conforming briefs have been filed). "Although the Superior Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Id.** at 498.

Appellant's brief consists exclusively of a factual recitation coupled with a list enumerating the basis of Appellant's contention that the verdict entered against him was generally unfair. Appellant's brief includes none of Rule 2111's required sections. In failing to provide proper appellate advocacy on any of the claims he presented before the trial court, Appellant has precluded meaningful review by this Court. Hence, we dismiss this appeal.[2]

_____

[2] Even if we were to confront the substance of the claims Appellant sought to raise on appeal, we would conclude that he is not entitled to relief. As stated above, Appellant filed a concise statement on December 6, 2013 which asserted that the trial court erred in finding him in violation of § 3745 of the Motor Vehicle Code because: (1) he was unaware that he struck Complainant's fence; (2) it was impossible for Appellant to notify Complainant of the damage because Complainant was already aware of it; (3) Complainant's fence was not on private property but instead constituted an illegal obstruction on a public right-of-way; and (4) Appellant notified the police as promptly as his own safety allowed. Concise Statement, 12/6/13, at 1. After quoting § 3745, the trial court rejected these claims. **See** Trial Court Opinion, 12/18/13, at 5-6 (finding that Appellant's trial testimony established a "high level of probability" that damage had occurred; that
*(Footnote Continued Next Page)*

Appeal dismissed.

Judge Donohue joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2014

---

_(Footnote Continued)_ ————————————

Appellant could have produced the required information to Complainant without police involvement; that § 3745 imposed a duty to notify the owner of unattended property (or attach certain information to the damaged property) and notify local police without regard to whether the property was situated on a public right-of-way or private land; and, that the trial court refused to believe that personal safety was Appellant's reason for departing from the scene). These determinations find support in the record and are free of legal error. Hence, Appellant would not be entitled to relief on substantive grounds.