J-A20030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RUBEN M. COLLAZO, | |
| Appellant | No. 3210 EDA 2014 |

Appeal from the Judgment of Sentence October 23, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-SA-0000089-2014

BEFORE:  DONOHUE, SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:               **FILED OCTOBER 07, 2015**

Appellant, Ruben M. Collazo, appeals *pro se* from the judgment of sentence entered following a *de novo* summary appeal to the Court of Common Pleas of Monroe County.  We affirm.[1]

In December of 2010, at the Mount Airy Casino in Paradise Township, Appellant was witnessed distributing business cards that advertised his website.  Because solicitation is not permitted at the casino, security ejected Appellant from the property and directed him not to return.  Additionally, Mr. Trevor Tasetano, a security manager at Mount Airy, personally

---

[1] On July 22, 2015, Appellant filed a motion for continuance in this Court that appears to be a copy of a motion for a continuance in a separate case filed at Monroe County criminal docket number CP-45-CR-2279-2014.  As that case is not before this Court and because it has no bearing on the case at bar, Appellant's motion is DENIED.

telephoned Appellant and advised him that he had violated Mount Airy policy and was now barred from the premises.

Despite this bar, on or about November 29, 2013, Mount Airy security officers were advised by casino employees that Appellant was again on the property. Mount Airy security then called the State Police to report a suspected trespasser.

Appellant was charged with criminal trespass and found guilty. Thereafter, Appellant filed a summary appeal from his conviction, and the trial court held a *de novo* trial. On October 23, 2014, the trial court found Appellant guilty of criminal trespass and imposed a fine of $300.00. This timely appeal followed.

On November 25, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 15, 2014, Appellant, *pro se*, filed a document entitled "Defendant's Concise Statement." In the concise statement, Appellant averred that the verdict was based on unsupported allegations, the trial court erred in applying 4 Pa.C.S. § 1515 of the Pennsylvania Race Horse Development and Gaming Act, and Mount Airy infringed on Appellant's freedom of religion. Concise Statement, 12/15/14, at 1-2. However, in his *pro se* appellate brief, Appellant has raised only his challenge concerning the alleged violation of 4 Pa.C.S. § 1515. Appellant's Brief at 8-9. Therefore, the balance of Appellant's claims of error, which were raised in the Pa.R.A.P.

1925(b) statement, are deemed waived due to his failure to present them in the statement of questions involved. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

We have reviewed the briefs of the parties, the relevant law, the certified record before us on appeal, and the thorough opinion of the trial court dated January 7, 2015. While the trial court provided Appellant ample opportunity to present his defense and challenge the Commonwealth's case, Appellant's attack on 4 Pa.C.S. § 1515 is both misplaced and wholly inaccurate.[2] As the trial court explained at both the summary appeal and in its opinion, 4 Pa.C.S. § 1515 does not prevent Mount Airy from ejecting individuals who disrupt the casino's operations. It is our conclusion that the issues presented by Appellant lack merit, and the trial court's opinion aptly disposes of Appellant's claims raised on appeal.

Accordingly, we affirm the judgment of sentence on the basis of the trial court's opinion and adopt its reasoning as our own. The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

---

[2] While this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2015

### COURT OF COMMON PLEAS OF MONROE COUNTY
### FORTY-THIRD JUDICIAL DISTRICT
### COMMONWEALTH OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : NO. 89 SA 2014 |
| | : |
| vs. | : |
| | : |
| RUBEN M. COLLAZO, | : |
| | : |
| Defendant | : PA.R.A.P. 1925(a) |

## OPINION PURSUANT TO PA.R.A.P. 1925(a)

This matter involved a Summary Appeal, heard *de novo* by this Court on October 23, 2014. The Defendant, Ruben Collazo appeared *pro se*. The Commonwealth, through the Monroe County District Attorney's Office, presented testimony in support of a citation issued to the Defendant under 18 Pa.C.S.A. §3503(b)(1), for criminal trespass. The alleged criminal trespass occurred on the premises of the Mount Airy Casino and Resort (hereafter Mt. Airy Casino) in Paradise Township, Monroe County, Pennsylvania. The Defendant was found guilty of the offense following a bench trial and has appealed the matter to the Superior Court. This Opinion is in support of our Order entered October 23, 2014 finding the Defendant guilty of criminal trespass and imposition of a $300 fine plus costs.

The Defendant filed a timely appeal to this Court's Order. On November 25, 2014, this Court entered an Order requiring the Defendant (Appellant on appeal) to file and serve on the Court, his Concise Statement of Matters on Appeal. On or about December 12, 2014, this Court was served with Defendant's Concise Statement. The Defendant cites numerous



9

challenges to this Court's Order, some of which do not appear germane to the underlying charge of criminal trespass. The Defendant also cites fourteen (14) "Additional Facts", many of which were not testified to at the time of trial. Defendant appears to raise the following issues:

> A. The verdict was based upon unsupported allegations and hearsay;

> B. That §1515 of the Pennsylvania Race Horse Development and Gaming Act or 58 Pa. Code §501(a) applies, barring a finding under 18 Pa. C.S.A. §3503(b)(1), of criminal trespass;

> C. A constitutional challenge that Defendant was subject to discrimination due to religion.

We have reviewed the testimony in this case and find as follows: The Defendant was cited for criminal trespass for entering the Mt. Airy Casino premises after receiving notice prohibiting him from being on the premises. The Defendant acknowledged receipt of the notice not to be on Mt. Airy Casino property. The Defendant acknowledged he was on Mt. Airy Casino property after receiving the notice prohibiting him from being on the property.

The charge of criminal trespass under 18 Pa. C.S.A. §3503(b)(1), is defined as follows:

> "(b). Defiant trespasser.

> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

> i. actual communication to the actor."

18 Pa. C.S.A. §3503(b)(1).

The facts at time of trial were largely uncontradicted. Mt. Airy Casino is a private resort and gaming property located in Paradise Township, Monroe County, Pennsylvania.

2

(Commonwealth's Exh. 3 - citation issued to Defendant). Mr. Tasetano, employed as the security shift manager, testified to the following. In or about December 2010, an individual was observed handing out business cards with a website address thereon, inside the Mt. Airy Casino building. (N.T. 5). Mr. Tasetano investigated who the website belonged to and identified the person operating it was the Defendant, Ruben Collazo. (N.T. 5-6). Mr. Tasetano called Mr. Collazo on or about December 16 or 17, 2010, to advise him that he had violated the no solicitation policy of Mt. Airy Casino, and that he was no longer permitted on the premises. (N.T. 6). Mr. Tasetano testified that the Defendant stated during the call that he was on a mailing list of Mt. Airy Casino, to which Mr. Tasetano responded he would be removed from the mailing list. (Id.). The Defendant did not dispute that he was advised in December 2010 that he was no longer permitted on the premises. (The Defendant also attached to his Concise Statement a letter from Mt. Airy Casino dated December 24, 2010 that he was no longer permitted on the Mt. Airy Casino premises, although it was not included in testimony before this Court).

On or about 11/29/13, Mr. Tasetano was advised by Mt. Airy Casino employees that the Defendant was on the property. (N.T. 7). Based upon this information, Mr. Tasetano approached the Defendant in the Mt. Airy Casino building and requested his identification, because the Defendant was not to be on the property. The Defendant showed Mr. Tasetano a driver's license with the last name of "Aviles". (N.T. 8). Mr. Tasetano had never met the Defendant before, but called the state police to report a suspected trespasser. Mr. Tasetano testified that Trooper Victor Ortalano responded to the call. Mr. Tasetano was shown a photo line-up of eight (8) individuals, including the Defendant, and he was able to identify the Defendant as the individual who was on the property and had produced the identification with

3

the last name "Aviles". (N.T. 9-10). Mr. Tasetano also identified the Defendant at trial as the person he encountered on Mt. Airy Casino property on November 29, 2013. (Id.)

Trooper Ortalano also testified at time of trial. He was a Pennsylvania State Trooper appointed to a post at Mt. Airy Casino through the gaming commission.[1] Trooper Ortalano testified to the following. He was called to investigate an alleged criminal trespass by the Defendant on November 29, 2013. (N.T. 17). Trooper Ortalano's investigation found that the Defendant was using the name "Aviles" and had a player's club card with the name "Aviles" on it; that the Defendant was not allowed on the property; that a photo array of the Defendant shown to Mr. Tasetano and one other Mt. Airy Casino employee provided a positive identification of the Defendant on the property; and that surveillance video from Mt. Airy Casino, viewed by Trooper Ortalano, showed the Defendant on the property on November 29, 2013. (N.T. 18-20). Trooper Ortalano cited the Defendant in March 2014 with Criminal Trespass. (N.T. 23). We found the testimony of Mr. Tasetano and Trooper Ortalano to be credible.

The Defendant testified in this matter as well. He stated he had a website for problem gambling; that he was banned from Mt. Airy Casino for handing out cards for his website on Mt. Airy Casino property (although he denied doing so); that the ban was because the Vice President of Operations for Mt. Airy Casino, Mr. Magda, did not like the content of the website; and that he should not have been banned from the property in 2010. (N.T. 30-36). The Defendant further testified that he was informed he had been evicted from the premises due to an incident on December 17, 2010 (N.T. 37) and that he was on the property on November 29, 2013. (N.T. 37).

---

[1] Trooper Ortalano served in the Pennsylvania State Police until retiring in 2014. (N.T. 17).

4

The crime of defiant trespass merely requires that a person enter a place with knowledge of a lack of license or privilege to do so. Commonwealth v. Davis, 17 A.3d 390 (Pa. Super. 2011). Here, the Commonwealth witnesses and the Defendant all testified the Defendant was banned from being on the premises in 2010, that the Defendant had actual notice of such, and that the Defendant was present on the premises on November 29, 2013. The Defendant also used a false identification on November 29, 2013, as further evidence that he knew he was not to be on the property. The Defendant argues he was not present at Mt. Airy Casino on December 17, 2010, and therefore, should not have been banned due to the alleged incident. However, we find Mr. Tasetano's testimony credible that the Defendant was the individual handing out business cards on the premises. There was no restriction placed on the length of time between when the Defendant was banned, and when he returned to the property. Mt. Airy Casino had the right to ban or prohibit people from the premises. The only issue is whether or not the Defendant was banned and informed of the ban, and if he returned to the premises thereafter. All of the testimony indicated the Defendant was banned, had notice, and that he returned to the premises. Therefore, the facts supported the finding that the Defendant was guilty under 18 Pa. C.S.A. §3503(b)(1), criminal trespass.

The Defendant's Concise Statement raises an issue under §1515 of the Pennsylvania Race Horse Development and Gaming Act, 4 Pa. C.S.A. §1101 et seq. The section cited deals with repeat offenders excludable from licensed gaming facilities. (Mt. Airy Casino is a licensed gaming facility). However, §1515 in no way limits or prohibits the citation that was issued to the Defendant. In fact, §1515, in addition to allowing a licensed facility to exclude or eject any person known to have been convicted of a misdemeanor or felony committed at any licensed facility, also allows facilities to exercise the common law right to exclude or eject

5

permanently, any person disrupting operations. The Defendant's reliance on this section to argue there must be repeated offenses in order to exclude him from the property is misplaced.

The Defendant next contends that because each gaming facility has an obligation to develop procedures to identify and provide information to compulsive and problem gambling behavior under 58 Pa. Code §501(a), he should have been allowed to promote his website. Again, Defendant's reliance on those regulations is misplaced. The Defendant apparently believes that an obligation of a licensee to have policies and procedures in place to handle problem gambling or addictive behavior, gives a private individual free reign to distribute materials on the subject at a licensed facility. That is not what the regulations provide. Neither the Pennsylvania Code, nor any statute, requires Mt. Airy Casino to allow the Defendant to hand out literature, even if it is related to compulsive gambling problems. The Defendant misinterprets the language of the portion of the Code he cited.

The Defendant also argues that the action taken by Mt. Airy Casino violates his constitutional right to freedom of religion since he states his website promotes faith-based treatment for compulsive gamblers. However, a look at the facts of this case shows that the Defendant was not ejected or excluded due to his religious beliefs. Rather, he was excluded because he was identified as handing out literature on privately owned property in violation of an anti-solicitation policy. The Defendant then violated this ban and was on the property again, which constitutes criminal trespass.

We also note that the above matters cited by the Defendant on appeal also take issue with the reason for his exclusion from the Mt. Airy Casino. They do not provide a defense to the fact that he was banned from the premises, received notice of such, and still chose to return to the premises. The charge of criminal trespass does not require review of why a Defendant is

6

prohibited from being on the property. Regardless of the reason for the ejectment and ban from the premises, he committed the crime of defiant trespass by returning to the property after receiving notice not to do so.

The Defendant also sets forth fourteen (14) paragraphs of "facts" in his Concise Statement, many of which were not introduced into this case as testimony. We found the witnesses and testimony for the Commonwealth credible. We found the Defendant credible as to his admission that he had been banned from the property, that he received notice that he was banned from the property, and that he re-entered the property on November 29, 2013. As such, the Defendant was guilty of criminal trespass under 18 Pa. C.S.A. §3503 (b)(1).

BY THE COURT:

_____
DAVID J. WILLIAMSON, J.

DATED: January 7, 2015

cc:    District Attorney
       Ruben M. Collazo, *pro se*

2015 JAN 7 PM 12 28
MONROE COUNTY, PA
CLERK OF COURTS