J-A20037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES PUORRO, | : | |
| | : | |
| Appellant | : | No. 1657 WDA 2015 |

Appeal from the Judgment of Sentence entered September 30, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-SA-0001328-2015

BEFORE:  BOWES, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 22, 2016**

James Puorro ("Puorro") appeals, *pro se*, from the judgment of sentence imposed following his conviction of two violations of the Pennsylvania Dog Law.  ***See*** 3 P.S. §§ 459-305(a)(3); 459-502-A(a)(1)(ii). We affirm.

On April 23, 2015, Officer Craig Cummings ("Officer Cummings") of the Springdale Township Police Department was dispatched to Greg Vansach's ("Vansach") home in Springdale Township.  Vansach lives next door to Puorro.  Vansach led Officer Cummings to his backyard, where his Pomeranian, Benny, was lying dead.  Vansach told Officer Cummings that he witnessed one of Puorro's dogs holding Benny in its mouth, and that the dog had killed Benny.  Officer Cummings spoke with Puorro, who stated that one of Puorro's dogs had escaped from his yard and killed Benny.  Puorro was

subsequently cited for two violations of the Pennsylvania Dog Law: Unlawful Confinement and Control and Harboring a Dangerous Dog.

Puorro challenged the citations, and appeared, *pro se*, for a summary appeal hearing before the Honorable Robert C. Gallo ("Judge Gallo") on September 30, 2015. Judge Gallo found Puorro guilty of both violations and imposed a $600 fine and additional costs. On October 22, 2015, Puorro filed a timely Notice of Appeal. Judge Gallo entered an Order directing Puorro to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Puorro did not comply.

It is well-settled that a *pro se* appellant is not entitled to any advantage due to their lack of legal training, and must comply with the Pennsylvania Rules of Appellate Procedure. **See Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005); **see also id.** at 498 (stating that "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). Thus, because he failed to comply with the trial court's Order directing him to file a concise statement, Puorro has waived his opportunity to have this Court consider his issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (stating that "issues have been considered waived where no 1925(b) statement was filed or where an issue was not included in a filed statement.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2016