J-A12031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CATHERINE WALLACE | |
| Appellant | No. 672 WDA 2016 |

Appeal from the Judgment of Sentence February 29, 2016
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-SA-0001628-2015

BEFORE:  OLSON, SOLANO and RANSOM, JJ.

JUDGMENT ORDER BY OLSON, J:                    **FILED MAY 01, 2017**

Appellant, Catherine Wallace, appeals *pro se* from the judgment of sentence entered on February 29, 2016.  We dismiss the appeal.

A detailed recitation of the facts is unnecessary for our disposition as we find that Appellant's failure to submit a brief that complies with the requirements set forth in Pa.R.A.P. 2111 forecloses our efforts to conduct meaningful appellate review.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal where substantial defects occur.  ***Commonwealth v. Adams***, 882 A.2d 496, 497-498 (Pa. Super. 2005); Pa.R.A.P. 2101. An appellant's brief shall contain, *inter alia*, a statement of jurisdiction, the order or other determination in question, a statement of both the scope of

review and the standard of review, a statement of the question(s) involved, a statement of the case, a summary of the argument, an argument divided into as many parts as there are questions to be addressed, a short conclusion stating the relief sought, the opinion of the trial court, and a statement of the errors complained of on appeal. *See* Pa.R.A.P. 2111(a). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Adams***, ***supra*** at 498 (internal citation omitted).

Appellant has made little to no effort to comply with the Rules of Appellate Procedure in preparing her brief. In fact, Appellant's brief consists solely of eight rambling paragraphs complaining, without proper development, about the conduct of the trial court judge. Appellant then requests that this Court "drop" the charges against her and charge the victim with crimes. *See* Appellant's Brief at 1-2.

The substantial omissions and defects in Appellant's brief render this Court unable to undertake meaningful appellate review. Accordingly, we dismiss this appeal. ***See Adams***, ***supra*** at 497-498; Pa.R.A.P. 2101.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2017