**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William L. ADAMS, III, Appellant.**

Superior Court of Pennsylvania.

Submitted March 28, 2005.

Filed Aug. 19, 2005.

William L. Adams, III, appellant, pro se.

Michael W. Streily, Deputy District Attorney, Pittsburgh, and Karen T. Edwards, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before: GANTMAN, J., McEWEN, P.J.E., and JOHNSON, J.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, William L. Adams, III,

appeals *pro se*[1] from the judgment of sentence of the Allegheny County Court of Common Pleas, which adjudicated Appellant guilty of criminal mischief,[2] following his *de novo* summary appeal, and imposed a fine plus restitution in the amount of $592.00. Appellant asks us to determine whether the evidence was sufficient to support his conviction for criminal mischief. We hold the evidence was sufficient to support Appellant's conviction. Accordingly, we affirm.

¶ 2 The trial court opinion sets forth the relevant facts and procedural history of this case as follows:

On September 22, 2004, this [c]ourt conducted a hearing. Robert Aleva testified that while driving from a meeting with his son's teacher, he observed that [Appellant's] vehicle was following very close behind him. As Aleva was proceeding to an industrial park, he noticed that the vehicle was still behind him. After traveling into a left lane to make a turn, the vehicle pulled up along side of [Aleva], he rolled down his window and inquired of the driver, "What's the problem?" The driver responded, "You drive like a bitch." After Aleva exited his vehicle, [Appellant] walked toward Aleva's truck and then went back to his vehicle, and as Aleva was pulling away, [Appellant] punched the side of Aleva's truck with his fist.

After stopping and observing the dent in the truck occasioned by [Appellant's] fist, [Aleva] called for the police and on the arrival of Sergeant [Engemann], showed him the damage to his truck.

The cost of repair of Aleva's vehicle was $592.00.

Sergeant [Engemann] testified that after viewing the damage to Aleva's car, he proceeded to the Verizon parking lot, observing [Appellant's] parked car. Subsequently, after ascertaining that the car was registered to [Appellant], [Sergeant Engemann] telephoned [Appellant], advising him that [Sergeant Engemann] would be issuing a citation for criminal mischief.

[Appellant] testified that while traveling behind Aleva, [Aleva] was slamming on his brakes, trying to [get Appellant to] run into him. [Appellant] denied that he punched Aleva's vehicle, that it was impossible to have hit a moving vehicle without breaking his hand, or bruising it, and since he was married that [following] weekend, he never could have been able to shake hands if he had punched the vehicle.

(Trial Court Opinion, filed November 22, 2004, at 1–2) (internal citations omitted). We add only that Appellant filed a *pro se* notice of appeal to this Court on September 22, 2004. On November 4, 2004, Appellant filed a court-ordered Rule 1925(b) concise statement of matters complained of on appeal.

■ ¶ 3 Preliminarily, we note appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.; Commonwealth v.*

---

**1.** There is no constitutional "right to counsel" in summary cases unless, "in the event of a conviction, there is a reasonable likelihood of a sentence of imprisonment or probation." Pa.R.Crim.P. 454. *See also* Pa.R.Crim.P. 121 (providing for assignment of counsel in summary proceedings against defendants who are without financial resources or otherwise unable to employ counsel, when there is likelihood that imprisonment will be imposed).

**2.** 18 Pa.C.S.A. § 3304(a)(5).

*Lyons,* 833 A.2d 245 (Pa.Super.2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. *Id.* at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. *Commonwealth v. Rivera,* 454 Pa.Super. 451, 685 A.2d 1011 (1996).

¶ 4 The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

(a) **General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Statement of both the scope of review and the standard of review.

(3) Order or other determination in question.

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Argument for the appellant.

(8) A short conclusion stating the precise relief sought.

(9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111(a)(1)-(10) (emphasis added). Additionally, Rules 2114 through 2119 specify in greater detail the material to be included in briefs on appeal. *See* Pa. R.A.P. 2114–2119.

¶ 5 Instantly, Appellant's brief falls short of these standards. It does not include a statement of the scope of review and the standard of review. *See* Pa.R.A.P. 2111(a)(2). Appellant failed to include the order or other determination in question or a statement of jurisdiction. *See* Pa. R.A.P. 2111(a)(1), (a)(3), Pa.R.A.P. 2114; Pa.R.A.P. 2115. Notably, Appellant did not include a statement of the questions involved, a statement of the case, or a summary of the argument. *See* Pa.R.A.P. 2111(a)(4)-(6); Pa.R.A.P. 2116; Pa.R.A.P. 2117(a); Pa.R.A.P. 2118. Moreover, Appellant's brief contains no citations to authorities of any kind and makes no specific reference to the certified record. *See* Pa. R.A.P. 2119(b) and (c). On this basis, we could quash or dismiss Appellant's appeal, as he substantially fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa. R.A.P. 2101; *Lyons, supra.*

¶ 6 Despite the numerous defects in Appellant's brief, we will address the one claim that we are able to review despite the shortcomings in the brief. Appellant appears to argue the evidence was insufficient to support the trial court's finding that Appellant was guilty of criminal mischief. When examining a challenge to the sufficiency of the evidence, our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances estab-

lished by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.

*Commonwealth v. Bullick,* 830 A.2d 998, 1000 (Pa.Super.2003) (quoting *Commonwealth v. Gooding,* 818 A.2d 546, 549 (Pa.Super.2003), *appeal denied,* 575 Pa. 691, 835 A.2d 709 (2003) (citations omitted)). "If the record contains support for the verdict, it may not be disturbed." *Commonwealth v. Burns,* 765 A.2d 1144, 1148 (Pa.Super.2000), *appeal denied,* 566 Pa. 657, 782 A.2d 542 (2001) (internal citation omitted). "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Bullick, supra* at 1000.

¶ 7 Criminal mischief is defined as:

§ 3304. **Criminal mischief**

(a) **Offense defined.**—A person is guilty of criminal mischief if he:

* * *

(5) intentionally damages real or personal property of another.

18 Pa.C.S.A. § 3304(a)(5).

■ ¶ 8 After a thorough review of the record, the briefs of the parties, the applicable law, and the opinion of the Honorable Judge Robert C. Gallo, we conclude Appellant's issue has no merit. The trial court responded to Appellant's claim as follows:

This [c]ourt observing the demeanor and testimony of three (3) witnesses resolved the questions of credibility and conflicts [in] the evidence in favor of the Commonwealth.

Therefore, this [c]ourt adjudged [Appellant] guilty and sentenced him to a fine plus restitution.

(Trial Court Opinion at 2) (internal citation omitted). The evidence presented at trial was ultimately sufficient to prove Appellant intentionally damaged the personal property of another, where the credible trial testimony of Aleva and the police officer established Appellant punched Aleva's truck, resulting in the specified damage. *See* 18 Pa.C.S.A. § 3304(a)(5). The court, as trier of fact, was free to believe all, part, or none of the evidence presented. *See Bullick, supra.* Accordingly, we affirm.

¶ 9 Judgment of sentence affirmed.