J-A03032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN E. WATTS | |
| Appellant | No. 1243 EDA 2015 |

Appeal from the Judgment of Sentence April 14, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-SA-0000307-2014

BEFORE:  GANTMAN, P.J., MUNDY, J., and DUBOW, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JANUARY 12, 2016**

Appellant, Justin E. Watts, appeals *pro se* from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his summary conviction for driving while operating privilege is suspended or revoked, per 75 Pa.C.S.A. § 1543(b)(1).  On May 23, 2014, police issued Appellant a citation for driving with a suspended license.  A magistrate convicted Appellant of the offense on October 24, 2014, and sentenced him to 60 days' imprisonment, plus a fine.  On November 21, 2014, Appellant timely filed a summary appeal for a trial *de novo*.  The court held a *de novo* hearing on April 14, 2015, after which the court convicted Appellant of driving with a suspended license.  The court sentenced Appellant to 60 days' house arrest and imposed a $500.00 fine.  Appellant timely filed a *pro se* notice of appeal on April 30, 2015.  On May 7, 2015, the court ordered

Appellant to file a Pa.R.A.P. 1925(b) concise statement. Appellant complied on May 18, 2015.

Initially, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal).

Instantly, Appellant's "brief" is approximately one page and is woefully inadequate. Appellant's brief fails to include the necessary statement of jurisdiction, relevant scope and standard of review, statement of the case, summary of the argument, and omits any argument section. ***See*** Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). Appellant also did not append to his brief a copy of his Rule 1925(b) statement. ***See id.*** Essentially, Appellant insists his conviction is constitutionally infirm because he was "traveling," as opposed to driving, at the time of the stop. Appellant also purports to challenge the validity of the traffic stop. Nevertheless, Appellant provides no cogent legal arguments, evidence, or authority to

support his claims.[1]  **See** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority).  These substantial defects preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal.  **See Adams, supra**; Pa.R.A.P. 2101.  Accordingly, we suppress Appellant's brief and dismiss his appeal.

Appeal dismissed.  Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016

---

[1] In his reproduced record, Appellant includes an article called:  "Driver Licensing vs. Right to Travel," available at http://www.lawfulpath.com/ref/DLbrief.shtml.  Regardless of whether Appellant presented this article before the trial court or attempts to use it as legal authority on appeal, his inclusion of the article in his reproduced record does not cure his failure to advance cogent legal arguments on appeal with citation to relevant legal authority.