J. A03010/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF KOREAN HARRINGTON, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: GAIL HARRINGTON | : | |
| | : | No. 1319 EDA 2015 |

Appeal from the Order April 10, 2015
In the Court of Common Pleas of Montgomery County
Orphans' Court No(s).: 2008-X1917

BEFORE: GANTMAN, P.J., MUNDY, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED JANUARY 28, 2016**

Appellant, Gail Harrington, Administratrix of the Estate of Korean Harrington, appeals from the order entered in the Montgomery County Court of Common Pleas on April 10, 2015, dismissing her exceptions to the February 9, 2015 order sustaining the objections filed by the Commonwealth of Pennsylvania Department of Public Welfare to the first and final accounting filed by Appellant. We dismiss this appeal.

The facts are not relevant to our determination. Instantly, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted). *See also* Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal).

Appellant's brief, prepared by her appellate counsel Rhonda Hill Wilson, Esq., is woefully inadequate. Her brief is nearly identical to that filed in the Orphans' Court by Milton S. Savage, Jr., Esq., Appellant's then-counsel. Appellant's brief does not contain a statement of questions involved. *See* Pa.R.A.P. 2111(a)(4); 2116. It does not contain an averment that she was not ordered to file a Pa.R.A.P. 1925(b) statement. *See* Pa.R.A.P. 2111(a)(11) and (d). The argument section is not divided "into as many parts as there are to be argued," and contains no headings. *See* Pa.R.A.P. 2119(a). Most significantly, nowhere in her argument does Appellant assert trial court error. These substantial omissions preclude meaningful review. Accordingly, we suppress Appellant's brief and dismiss her appeal. *See Adams*, *supra*; Pa.R.A.P. 2101.

Appeal dismissed. Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2016