J. S36022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALLEN L. WILKINS, SR., | : | |
| | : | |
| Appellant | : | No. 1877 MDA 2015 |

Appeal from the Judgment of Sentence September 25, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division No.: CP-22-CR-0001235-2015

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                          **FILED JUNE 06, 2016**

Appellant, Allen L. Wilkins, Sr., appeals *pro se* from the Judgment of Sentence entered on September 25, 2015, in the Court of Common Pleas of Dauphin County following his *nolo contendere* plea to one count of Barratry, 18 Pa.C.S. § 5109.[1]  We dismiss the appeal.

A detailed recitation of the facts is not necessary to our disposition. Appellant's Brief fails to comply with the requirements set forth in Pa.R.A.P. 2111-2140, and we are unable to conduct meaningful appellate review.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 5109 provides: "A person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits."

dismiss an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. An appellant's brief shall contain, *inter alia*, a statement of both the scope of review and the standard of review, a statement of the case, a summary of argument, and an argument divided into as many parts as there are questions to be argued. *See* Pa.R.A.P. 2111(a), 2119(a). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Adams, supra* at 498 (internal citation omitted).

Appellant has made little effort to comply with the Rules of Appellate Procedure in crafting his Brief. He fails to state the appropriate scope of review and standard of review, and omits a "Statement of Jurisdiction, with "a precise citation to the statutory provision, general rule or other authority believed to confer on the appellate court jurisdiction to review the order or other determination." Pa.R.A.P. 2111(a)(1) and (3); 2114. Although Appellant includes seven enumerated "issues" throughout his Brief, each of his issues pertains to another criminal case entirely.[2] In addition, Appellant

---

[2] We have previously addressed Appellant's challenges to those convictions on four separate occasions: *Commonwealth v. Wilkins*, No. 1903 MDA 2003 (Pa. Super. filed August 25, 2004) (unpublished memorandum); *Commonwealth v. Wilkins*, No. 459 MDA 2005 (Pa. Super. filed February 13, 2006) (unpublished memorandum); *Commonwealth v. Wilkins*, No. 1607 MDA 2011 (Pa. Super. filed April 9, 2012) (unpublished memorandum); and *Commonwealth v. Wilkins*, No. 99 MDA 2015 (Pa. Super. filed October 19, 2015) (unpublished memorandum).

fails to include a "Statement of the Case," fails to cite to the record, and fails to include any factual or procedural history to provide any semblance of context to his arguments as required by Pa.R.A.P. 2117. Appellant has not included a "Summary of Argument," as required by Pa.R.A.P. 2118, and his "Argument" section fails to describe his grievances regarding the instant case with any specificity and contains no meaningful discussion or cogent analysis of any authority cited. **See** Pa.R.A.P. 126; 2119(a)-(d).

Because of these substantial omissions and defects, we are unable to provide meaningful review. Accordingly, we suppress Appellant's Brief and dismiss his appeal. **See Adams, supra** at 497-98; Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016