J-S45019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT FLOYD MCCLUSKEY | |
| Appellant | No. 1518 WDA 2015 |

Appeal from the Judgment of Sentence July 6, 2015
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000650-2014

BEFORE:  OLSON, DUBOW and PLATT, JJ.*

MEMORANDUM BY OLSON, J.:　　　　　　　**FILED OCTOBER 25, 2016**

Appellant, Robert Floyd McCluskey, appeals from the judgment of sentence entered in the Armstrong County Court of Common Pleas on July 6, 2015, following his conviction for possession of a prohibited offensive weapon[1] and aggravated assault with a deadly weapon.[2]  We affirm.

The incident giving rise to this conviction occurred in the late afternoon on January 3, 2013 in a Walmart parking lot.  Joseph Hoyak and his family were walking in the parking lot toward their vehicle at which time a vehicle driven by Appellant sped past them.  Mr. Hoyak shouted at the speeding vehicle to slow down.  N.T., 5/13/15 at 50-51.  Appellant parked and exited

_____

[1] 18 Pa.C.S.A. § 908.

[2] 18 Pa.C.S.A. § 2702(a)(4).

* Retired Senior Judge Assigned to the Superior Court.

his vehicle and began to walk toward the Hoyak family while screaming at them. *Id.* at 51-53. Mr. Hoyak walked toward Appellant at which time Appellant struck Mr. Hoyak on the side of his face with the walking cane that he was carrying. *Id.* at 54-57. Mr. Hoyak spun around with his back toward Appellant and Appellant stabbed Mr. Hoyak in the back of his leg with a sword that was concealed inside the cane. *Id.* at 57-58. Mr. Hoyak grabbed the blade cutting his fingers. As a result of his injuries, Mr. Hoyak was transported via helicopter to the hospital and eventually underwent more than three surgeries to repair his femoral vein which was "nicked" by the puncture wound inflicted by Appellant. *Id.* at 63-68. The nicked vein caused Mr. Hoyak to experience hemorrhagic shock; *i.e.*, loss of blood causing his heart rate to increase and his blood pressure to drop. *Id.*, at 24. The victim needed to be resuscitated and he received a blood transfusion while in transit to the hospital. *Id.*

Following trial on May 11, 2015, a jury found Appellant guilty of possession of a prohibited offensive weapon and aggravated assault with a deadly weapon. The court sentenced Appellant on July 6, 2015 to 16-60 months of incarceration. Appellant filed a motion for judgment of acquittal

on July 16, 2015, which was denied by order of court on August 28, 2015.

This timely appeal followed.[3]

Appellant raises two issues in his appeal:

1.    Did the trial court err in denying [Appellant's] motion for judgment of acquittal?

2.    Did the trial court err in denying [Appellant's] motion to modify sentence?

Appellant's Brief at 4.

Before we consider the merits of the issues raised on appeal, we must consider whether Appellant's appeal should be dismissed for failure to comply with the Pennsylvania Rules of Appellate Procedure.

It is beyond cavil that

appellate briefs and reproduced records must materially conform to the Pennsylvania Rules of Appellate Procedure.  This Court may quash or dismiss an appeal if the appellant fails to conform

_____

[3] On September 28, 2015, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal ("concise statement") pursuant to Pa.R.A.P. 1925(b) within 21 days.  In a judgment order filed on June 29, 2016, this Court found that counsel was *per se* ineffective for failing to file a concise statement as ordered by the trial court.  Accordingly, we remanded the case to the trial court for the filing of a Rule 1925(b) statement and a responsive Rule 1925(a) opinion.  Upon remand, counsel for Appellant filed a cursory Rule 1925(b) statement raising two issues: "the trial court erred in denying [Appellant's] motion for judgment of acquittal" and "the trial court erred in denying [Appellant's] motion to modify sentence."  Statement of Matters Complained of on Appeal, 6/30/16.  Although cursory, the trial court was able to write a 1925(a) opinion that sufficiently addressed the merits of both of Appellant's issues.

to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted); *see also* Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal). When a party's brief fails to conform to the rules of appellate procedure, and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Pa.R.A.P. 2101.[4] *See Estate of Lakatosh*, 656 A.2d 1378 (Pa. Super. 1995).

In reviewing Appellant's brief, there is no question that the brief falls short of being a model of scholarly legal writing and it is lacking in many ways.[5] However, the brief is not so defective that we are left guessing as to Appellant's arguments. Thus, we choose not to dismiss Appellant's appeal and, instead, will consider the merits of the two issues raised. *Barrick v.*

_____

[4] Pa.R.A.P. 2101 provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

[5] Appellant's statement of the questions involved is overly broad and lacks specificity. The argument section of the brief is also cursory, underdeveloped, and lacks citation to pertinent case law.

***Holy Spirit Hosp. of the Sisters of Christian Charity***, 32 A.3d 800, 804 n.6 (Pa. Super. 2011) (*en banc*), *aff'd*, 91 A.3d 680 (Pa. 2014) (citations omitted) (Although the Rules of Appellate Procedure provide that this Court may dismiss an appeal if deficiencies within the brief are substantial, errors that are less substantial may require a less severe remedy.).[6]

In his first issue, Appellant argues that the trial court erred in failing to grant his post-sentence motion for judgment of acquittal. In his motion, Appellant asserts that the evidence was insufficient to support his convictions for aggravated assault involving a deadly weapon[7] and possession of a prohibited offensive weapon.[8] Motion for Judgment of Acquittal, 7/16/15. In his brief, the sum of Appellant's sufficiency argument is that the testimony of the victim and his family was contradicted by Appellant and other "disinterested" or "neutral" witnesses. Appellant's Brief at 12-13. As Appellant's claim focuses entirely on the credibility of the witnesses, Appellant's claim challenges the weight, not the sufficiency, of the

---

[6] Moreover, we are not inclined in this case to dismiss the appeal outright, as Appellant's appeal counsel has been less than effective in representing Appellant. As noted previously, counsel for Appellant failed to file a timely 1925(b) statement as ordered by the trial court. Thus, this court was required to find that counsel was *per se* ineffective and we remanded the case to the trial court for the filing of a Rule 1925(b) statement (which was cursory at best) and a responsive Rule 1925(a) opinion.

[7] 18 Pa.C.S.A. § 2702(a)(4).

[8] 18 Pa.C.S.A. § 908(c).

evidence.  ***Commonwealth v. Palo***, 24 A.3d 1050, 1055 (Pa. Super. 2011).

Unfortunately, Appellant failed to challenge the weight of the evidence in his

motion for judgment of acquittal.  Accordingly, Appellant waived this claim.

***Id.***, *citing* ***Commonwealth v. Mack,*** 850 A.2d 690 (Pa. Super. 2004)

(Pursuant to Pa.R.Crim.P. 607, a challenge to the weight of the evidence

must be raised with the trial court or it is waived.).

Even if the issue were not waived, Appellant's sufficiency argument

would still fail.  As the able trial judge noted in his 1925(a) opinion on

remand, both convictions are supported by adequate evidence.  The jury

found that Appellant struck the victim in the face and then stabbed him in

the leg with a sword that was concealed inside a walking cane.  The trial

court correctly found that such evidence supports a conviction for possession

of a prohibited offensive weapon as the sword was a "cutting instrument the

blade of which is exposed in an automatic way [or] any 'other implement for

the infliction of serious bodily injury which serves no common lawful

purpose.'" Trial Court Opinion, 7/6/16 at 3, *quoting* 18 Pa.C.S.A. § 908(c).

As for the aggravated assault conviction, the trial court correctly noted

that the evidence supported the jury's verdict that Appellant caused or

attempted to cause serious bodily injury to the victim with a deadly weapon

as required by 18 Pa.C.S.A. § 2702(a)(4).  The evidence showed that

Appellant stabbed the victim in the leg causing a permanent clot, weakness,

and constant pain and numbness.  ***Id.*** at 3-4.  Moreover, the trial court

found that the evidence supported the jury's decision that Appellant was not entitled to claim self-defense. *Id.* at 3. After reviewing the record, we agree with the trial court's assessment that the evidence was sufficient to convict Appellant of both offenses.

In his second issue, Appellant argues that the trial court erred in denying his motion to modify sentence, which challenged the discretionary aspects of his sentence. Appellant waived this argument as he failed to include a Rule 2119(f) statement in his brief and the Commonwealth objected. ***Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013) ("If a defendant fails to include an issue in a Rule 2119(f) statement and the Commonwealth objects, the issue is waived and this Court may not consider it.").

Judgment of sentence affirmed. Jurisdiction relinquished.

Platt, J. joins this memorandum.

Dubow, J. concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2016