J-S78006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :              PENNSYLVANIA

           v.                           :

FREDERICK A. BOEHM            :

           Appellant            :     No. 1273 WDA 2017

Appeal from the Order August 31, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0001232-2017

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY OLSON, J.:          **FILED JANUARY 04, 2018**

Appellant, Frederick Boehm, appeals *pro se* from the judgment of sentence entered on August 31, 2017, following Appellant's conviction for the summary offense of disorderly conduct.[1]  We dismiss this appeal.

On April 19, 2017, Appellant was cited for committing the summary offense of disorderly conduct and, on May 31, 2017, the magisterial district judge found Appellant guilty of committing the offense.  ***See*** Notice of Appeal, 6/23/17, at 1.

Appellant filed a timely notice of appeal to the court of common pleas from his summary conviction; however, Appellant failed to appear for his trial *de novo*, which occurred on August 31, 2017.  ***See*** N.T. Trial, 8/31/17,

---

[1] 18 Pa.C.S.A. § 5503(a)(4).

---

\*   Retired Senior Judge assigned to the Superior Court.

at 2. As a result, the trial court dismissed Appellant's appeal and entered judgment "on the judgment of the issuing authority." ***Id.***; ***see also*** Pa.R.Crim.P. 462(E). The trial court thus found Appellant guilty of committing the summary offense of disorderly conduct and sentenced Appellant to pay a fine in the amount of $150.00, plus costs. N.T. Trial, 8/31/17, at 2.

Appellant filed a timely notice of appeal to this Court. We now dismiss this appeal.

The Pennsylvania Rules of Appellate Procedure set forth mandatory briefing requirements for litigants presenting their claims before this Court. ***See*** Pa.R.A.P. 2101; ***see also*** Pa.R.A.P. 2111, 2114-2119. Briefs filed with this Court must include a jurisdictional statement, a statement of the scope and standard of review, a statement of the questions presented, and a statement of the case. ***See*** Pa.R.A.P. 2111(a). Most importantly, briefs must contain an argument section that develops claims through meaningful discussion supported by pertinent legal authority and citations to the record. Pa.R.A.P. 2111(a)(8); Pa.R.A.P. 2119. We may quash or dismiss an appeal where an appellant fails to comply with the briefing requirements of our appellate rules. Pa.R.A.P. 2102; ***see also Commonwealth v. Adams***, 882 A.2d 496, 497-498 (Pa. Super. 2005) (Superior Court may quash or dismiss appeals where non-conforming briefs have been filed). "Although the Superior Court is willing to liberally construe materials filed by a *pro se*

litigant, *pro se* status confers no special benefit upon the appellant." ***Id.*** at 498.

Appellant's brief contains none of Rule 2111's required sections and does not present a discernable claim for this Court to review. ***See*** Appellant's Brief at 1-3. In failing to provide appellate advocacy on any assertion of error, Appellant has precluded meaningful review by this Court. Hence, we dismiss this appeal.

Appeal dismissed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/4/2018