J-S04045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN WESLEY PICKIN | : | |
| | : | |
| Appellant | : | No. 954 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 22, 2020
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0001219-2019

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.:     **FILED FEBRUARY 19, 2021**

John Wesley Pickin ("Pickin") appeals, *pro se*, from the judgment of sentence entered following his guilty plea to disorderly conduct.[1] We dismiss the appeal.

The trial court summarized the relevant factual and procedural history as follows:

> [On December 12, 2017,] [] Pickin was charged with [d]isorderly [c]onduct ([s]ummary [o]ffense) and [p]ublic [n]uisance ([m]isdemeanor 2) based on the condition of a property he owned at [] N. Shamokin Street in the City of Shamokin. It was alleged that the property had damaged, open and non-waterproof eaves, broken glass in the windows and doors, was littered with garbage and refuse, and the slate shingles were loose and in danger of falling off the roof.

---

[1] *See* 18 Pa.C.S.A. § 5503(a)(4).

[] Pickin was sentenced on June 22, 2020[,] pursuant to a plea offer[,] where[in] [] Pickin [pled guilty to] the summary disorderly conduct charge[,] and the Commonwealth [*nolle prossed*] the misdemeanor 2 public nuisance charge. [] Pickin … was sentenced to pay the costs of prosecution and a twenty-five ($25.00) dollar fine.

[] Pickin filed a [*pro se*] [N]otice of [A]ppeal on July 10, 2020. He responded to [the trial court's Pa.R.A.P.] 1925(b) [O]rder with a single-page [handwritten] document in narrative form. Throughout his narrative, [] Pickin confuses this case with another of his summary cases. At the bottom of his [Rule] 1925(b) [Concise S]tatement, [] Pickin describes his efforts to rectify the problems/nuisance at the property that is the subject of this case[,] but does not describe any legal error by the [trial court].

Trial Court Opinion, 9/30/20, at 1 (unnumbered).

Initially, we recognize that

appellate briefs … must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005) (citations omitted); **accord** Pa.R.A.P. 2101; **see also** Pa.R.A.P. 2111(a) (setting forth the required contents of appellate briefs).

Here, Pickin has submitted as his Appellate Brief the same single-page, handwritten document that he filed with the trial court as his Rule 1925(b) Concise Statement. Pickin's Brief fails to include the necessary statement of

jurisdiction, relevant scope and standard of review, statement of the case, summary of the argument, and argument. Most notably, Pickin identifies no issue for review. Instead, as noted by the trial court, Pickin explains why the property is in its current condition, and states that he is in the process of repairing the property. ***See*** Trial Court Opinion, 9/30/20, at 1 (unnumbered). Because these substantial defects preclude meaningful review, we dismiss Pickin's appeal. ***See Adams***, ***supra***; Pa.R.A.P. 2101, 2111.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/19/2021