J-A14023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TREVOR G. SOMMERFIELD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BART SPRINGER, CONRAD FLYNN, | : | |
| AND ANNETTE GREEN | : | |
| | : | No. 2611 EDA 2022 |
| | : | |
| APPEAL OF: BART SPRINGER AND | : | |
| ANNETTE GREEN | : | |

Appeal from the Order Entered September 16, 2022
In the Court of Common Pleas of Carbon County Civil Division at No(s):
17-2695

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 25, 2023**

Appellants Bart Springer and Annette Green appeal from the order entered by the Carbon County Court of Common Pleas on September 16, 2022, which denied post-trial relief following the non-jury verdict in favor of Appellee Trevor G. Sommerfield in this landlord-tenant dispute.  Upon review, we dismiss the appeal due to substantial defects in Appellants' brief that preclude meaningful appellate review.

A detailed factual and procedural history is unnecessary to our disposition.  Briefly, as gleaned from the trial court's opinions and the record, this case involves a dispute between Appellant Springer, who owned real property located in Jim Thorpe, Pennsylvania ("the Building"), and Appellee

who subleased a portion of the Building from a third party, Anthony Stella.[1] Stella leased part of the Building from Appellant Springer for the operation of his restaurant (Restaurant). The term of the lease was from November 1, 2015 to October 31, 2018. The lease required Appellant Springer's consent to sublease and provided Stella the right to notice of any default 15 days prior to termination. Stella also held the liquor license for the Restaurant.

In July 2017, Appellee entered into an agreement with Stella to purchase and operate the Restaurant, and Appellant Springer provided written consent for Appellee to sublease the relevant portion of the Building until the end of Stella's lease term. Appellee intended to apply to transfer the liquor license from Stella to himself.

On October 6, 2017, Appellant Springer, accompanied by a constable, evicted Appellee, without commencing a proceeding pursuant to the Pennsylvania Landlord Tenant Act (PLTA)[2] or providing Appellee or Stella with notice of default. Appellant Springer claimed that Appellee was operating the restaurant without a liquor license, which Appellant Springer asserted placed him in legal jeopardy as the Building's owner. Appellant Springer also alleged

---

[1] Stella acted through his company Antwon, Inc.

[2] 68 P.S. §§ 250.101 to 399.18. The PLTA "is a comprehensive regulatory scheme governing the landlord and tenant relationship[,]" which is intended to constitute "a complete and exclusive system in itself." **Fraport Pittsburgh, Inc. v. Allegheny Cnty. Airport Auth.**, ___ A.3d ___, 2023 PA Super 77, *7 (filed May 9, 2023) (quoting 68 P.S. § 250.602) (emphasis omitted).

that Appellee sexually harassed Appellant Annette Green, an employee of the Restaurant.

In December 2017, Appellee filed a complaint against Appellants, which he amended in July 2018, asserting claims under the PLTA, breach of contract, trespass, and conversion.[3]

Following a non-jury trial, the trial court entered a Decision and Verdict in favor of Appellee on April 14, 2022, finding wrongful eviction under the PLTA, breach of contract, and conversion of personal property. The court imposed damages on Appellants, jointly and severally, of approximately $245,600, which included actual damages based on Appellee's expenses to acquire and operate the restaurant from August 2017 to October 2017; actual damages for lost profits from October 2017 to November 2018; actual damages to personal property in the form of inventory and equipment, which the court imposed as treble damages under the PLTA; and attorney fees.

In September 2022, Appellants filed a Motion for Post-trial Relief, which the trial court denied. Appellants timely appealed. As ordered by the trial court, Appellants filed a Pa.R.A.P 1925(b) Statement of Issues Raised on Appeal, in which they raised over 30 issues. In its Rule 1925(a) opinion, the trial court appropriately categorized the morass of issues into two general

---

[3] Appellee alleged that Appellant Green, *inter alia*, conspired with Appellant Springer in regard to the eviction and conversion of property. He also named Conrad Flynn as a defendant. Flynn took over operation of the Restaurant after Appellee's eviction. The court ultimately entered default judgment against Flynn, who failed to file an answer and is not part of the current appeal.

categories: challenges to the verdict and challenges to the damages. The court found that both sets of challenges failed. [4]

Before this Court, Appellants raise the following issues:

1. Whether the lower court erred in awarding damages to [Appellee], who was not legally permitted by the Pennsylvania Liquor Control Board to dispense liquor, by his mere leasing the real property from Appellant Springer, while the liquor license was owned by a nonparty, Anthony Stella?

2. Whether [Appellee's] operation of the restaurant and selling liquor in the premises, without having first received the approval of the Pennsylvania Liquor Control Board, was a violation of the law and the lease agreement?

3. Whether [Appellee] also committed other acts in the real property, which were unlawful under the Commercial Lease Agreement with Antwon, Inc. and violations of Pennsylvania law?

_____

[4] Addressing Appellants' challenges to the verdict, the court opined that its decision was supported by the court's finding Appellee and his witnesses more credible than Appellants. The court emphasized that landlords must abide by the PLTA rather than engaging in self-help evictions. Tr. Ct. Op., 12/7/22, at 6-7. It found that Appellant Springer breached the lease agreement by failing to provide Appellee with notice of and an opportunity to cure any default. *Id.* at 7. The court also rejected Appellants' claim that the doctrine of unclean hands barred Appellee's recovery, noting that the doctrine only applied to equitable not legal remedies as applicable to this case. *Id.* at 8.

The court next considered Appellants' challenge to the damages award. It rejected Appellants' argument that the court could not award damages for lost liquor sales when Appellee did not have a license. *Id.* at 9-10. In support, the court cited testimony that Appellee was in the process of transferring Stella's liquor license. *Id.* at 10. It further justified its award of damages for expenses incurred in acquiring and operating the restaurant, concluding that these damages placed Appellee back in the same place he would have been absent the breach. *Id.* at 10-11. In addressing Appellants' claims, the court observed that the PLTA provides for the award of attorney fees and treble damages. *Id.* at 12-13 (citing 68 P.S. § 250.505a(i)).

4. Whether [Appellant] Springer was legally entitled to retake possession of the property, without a breach of the peace, through the services of a duly authorized Pennsylvania [c]onstable?

5. Whether trial court erred and abused its discretion by finding that the Appell[ee] met his burden of proof seeking attorney's fees pursuant to 42 Pa. C.S.[ § ]2503?

6. Did the trial court abuse its discretion or commit an error of law where it appears from a review of the record that there is no evidence to support the [c]ourt's findings?

7. Did the trial court abuse its discretion or commit an error of law in failing to find that the Appellant[] Green, had no duty or obligation recognized by law, to [Appellee?]

Appellants' Brief at 3-4.

**A.**

We conclude that we are unable to review Appellants' numerous claims due to the substantial defects in their brief. "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101 (requiring appellate briefs to conform to the rules "in all material respects"). Importantly, the Rules require parties to provide citation to the record in both the "Statement of the Case" and in the Argument section of the brief to allow for meaningful appellate review of the issues presented. Pa.R.A.P. 2117(a)(4), 2119(c). Moreover, Rule 2119 mandates that the argument portion of an appellate brief be developed with citation to relevant authority. Pa.R.A.P 2119(a)-(b). This Court will not "develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the]

issue[s] to be waived." ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018). "[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007).

**B.**

Both the Statement of Case and the Argument sections of Appellants' brief lack the requisite citation to the lengthy electronic record in this case, which spans over 1100 pages. Indeed, in claiming that the trial court erred in making various factual and credibility determinations, Appellants fail to direct this Court to the relevant testimony. Moreover, Appellants' Brief merely cites statues and cases providing broad legal theories without applying the law to the facts of the instant case. In sum, Appellants' violations of the Rules of Appellate Procedure preclude meaningful appellate review. Accordingly, we are constrained to dismiss this appeal.[5]

_____

[5] Even if Appellants had properly developed their argument, we would conclude that the record supports the trial court's holdings, which are based upon the court's credibility determinations. We reiterate our deference to the findings of a trial court following a non-jury trial:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of the jury. We consider the evidence in a light most favorable to the verdict winner.

*(Footnote Continued Next Page)*

Appeal dismissed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/25/2023</u>

---

***Davis v. Borough of Montrose***, 194 A.3d 597, 605 (Pa. Super. 2018) (citation omitted). "[T]his Court is not permitted to reexamine the weight and credibility determination[s] or substitute our judgment for that of the fact finder." ***Id.*** (citation omitted). In this case, the record supports the trial court's findings and conclusions.