J-S12015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOY TRINETTE MAYO | : | |
| | : | |
| Appellant | : | No. 2225 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 26, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-SA-0000065-2023

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 06, 2024**

Appellant, Joy Mayo, appeals *pro se* from the July 26, 2023 judgment of sentence entered in the Monroe County Court of Common Pleas following her conviction for Operating a Vehicle without Inspection.[1] Appellant claims that she was not issued a summons, was not properly issued a citation, and was unable to present evidence in her defense. After careful review, we dismiss this appeal due to the substantial defects in Appellant's brief.

**A.**

A detailed factual and procedural history is unnecessary for our disposition. Briefly, on February 24, 2023, following a traffic stop, Officer Kylie Tausenfreundt of the Pocono Township Police Department determined that Appellant's vehicle lacked a valid inspection. On March 12, 2023, Officer

---

[1] 75 Pa.C.S. § 4703(a).

Tausenfreundt issued Appellant a written citation. On March 30, 2023, Appellant pleaded not guilty in the Magisterial District Court. On May 10, 2024, the magistrate found Appellant guilty and imposed a fine and costs totaling $168.70.[2]

The next day, Appellant filed a notice of appeal to the Court of Common Pleas. The trial court scheduled Appellant's summary appeal hearing for July 20, 2023, at 10 AM. On July 20th, the court dismissed Appellant's appeal because she had not appeared by 10:43 AM. The court imposed the same sentence as the Magisterial District Court.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in her Statement of Questions Presented:

> I. Citation issuance. Was Appellant issued a citation under proper procedure?
>
> II. Mistakes made by the Court(s) below. Unheard facts and evidence that were not produced at any trial or hearing in this matter be, heard. [*sic*] **Id.** 48,49 *docketing statement*[.] Was Appellant excluded from producing relevant evidence?

Appellant's Br. at 5 (renumbered).[3]

---

[2] According to Appellant, the court found her guilty *in absentia* because she "arrived untimely" for this hearing. Appellant's Br. at 7.

[3] Appellant raised a third issue: "The Appellant's sanction and conviction. Was the fine and conviction appropriate despite Appellant never being issued, properly, a summons?" However, Appellant failed to raise this claim in her

*(Footnote Continued Next Page)*

**B.**

Appellant argues that Officer Tausenfreundt failed to follow the proper procedure when issuing her citation. Appellant's Br. at 10-11. She also maintains that she "has not been heard in any trial [or] hearing" in this case, and therefore could not present evidence of this alleged procedural error. **Id**. at 11.

The trial court found that the citation was issued properly and determined that Appellant's entry of a not guilty plea belies her assertion that she did not receive a citation. Trial Ct. Op., 11/21/23, at 1. The court also noted that it dismissed Appellant's summary appeal because she failed to appear. **Id**.

\*

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also id**. at 2114–2119 (addressing specific requirements of each subsection of brief on appeal). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citing Pa.R.A.P. 2119 (a)-(c); remaining citations omitted). Additionally, the

---

Rule 1925(b) Statement and, thus, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement. . .are waived.").

- 3 -

Argument section of the brief "shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a).

Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve her of the obligation to follow the Rules of Appellate Procedure. *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014); *see also Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (holding that *pro se* litigant must "assume that [her] lack of expertise and legal training will be [her] undoing."). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). When an appellant fails to develop an argument sufficiently to permit meaningful review, we may dismiss the appeal or find that issue waived. *Hardy*, 918 A.2d at 771; Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal); *see also Commonwealth v. B.D.G.*, 959 A.2d 362, 371–72 (Pa. Super. 2008) (finding issue waived where the appellant failed to cite any pertinent authority to support his argument).

Here, Appellant's argument section is substantially underdeveloped, and, thus, precludes meaningful appellate review. First, she has failed to address each issue raised under a separate heading as required by Rule 2119(a) and, instead, combines her arguments—that Officer Tausenfreundt failed to follow the proper citation procedure and that the court improperly prevented her from presenting evidence—into one section.

More importantly, Appellant has failed to provide citation to relevant legal authority[4] to support either of her arguments. She, thus, has failed to apply the law to the facts of this case in a coherent manner as required by our Rules of Appellate Procedure and case law. **_B.D.G._**, 959 A.2d at 371–72; Pa.R.A.P. 2119(a). Accordingly, she has not provided a cogent argument establishing how the trial court erred in finding that the citation was issued properly or in dismissing her appeal once she failed to appear.

In sum, Appellant's violations of the Rules of Appellate Procedure preclude this Court's meaningful review. It is not the role of this Court to develop an appellant's legal argument. **_Milby_**, 189 A.3d at 1079. Accordingly, we are constrained to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/6/2024

---

[4] The only authority Appellant cites in support of her argument is Pa.R.Crim.P. 1002. Appellant's Br. at 11. However, this rule concerns the procedure for non-traffic summary proceedings in the Philadelphia Municipal Court. **_See e.g._**, Pa.R.Crim.P. 1002(B) ("Non-traffic summary proceedings shall be instituted either by a citation issued to the defendant or arresting without a warrant[.]"). Therefore, it is not relevant here.