J-A29007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHUSTER'S BUILDING SUPPLIES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTINE BAZZO, CHAZ BAZZO, AND BLAIZE BAZZO | : | No. 227 WDA 2024 |
| | : | |
| APPEAL OF: JUSTINE BAZZO | : | |

Appeal from the Order Entered February 6, 2024
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  2248 of 2022

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: December 9, 2024**

Appellant, Justine Bazzo, appeals *pro se* from the order entered on February 6, 2024.  We dismiss this appeal.

On July 1, 2022, Shuster's Building Supplies, Inc. ("Shuster's") initiated the current action by filing a complaint seeking equitable interpleader against Appellant, Chaz Bazzo, and Blaize Bazzo (hereinafter, collectively, "the Defendants").  In its amended complaint, Shuster's averred that the Defendants are the children of Angelo Bazzo ("the Decedent") and that the Decedent was "a participant in Shuster's Employees Profit Sharing and 401(k) Plan [("the Plan")] prior to his death."  Amended Complaint, 8/15/22, at ¶ 8.

Shuster's further averred that, following the Decedent's death,[1] Appellant "presented Shuster's with a beneficiary designation form bearing the purported signature of [the Decedent,] dated November 21, 2020." *Id.* at ¶ 11. According to Shuster's, "[t]he November 2020 beneficiary designation represent[ed] a change to the beneficiary designation that immediately preceded it, in that the November 2020 designation increases [Appellant's] share of [the Decedent's] vested interest in the [Shuster's] plan from 33.33% to 60%, reduces [Defendant Chaz Bazzo's] share from 33.33% to 30%, and reduces [Defendant Blaize Bazzo's] share from 33.33% to 10%." *Id.* at ¶ 14.

Defendant Blaize Bazzo notified Shuster's "that he believe[d] the November 21, 2020 beneficiary designation to be fraudulent" and "demand[ed] that Shuster's make[] no distribution[]." *Id.* at ¶ 16. Appellant, on the other hand, demanded that distribution be made in accordance with the November 21, 2020 beneficiary designation. *Id.* at ¶ 17.

As a result of these competing interests, Shuster's filed a complaint seeking the interpleader of the Defendants and requested that the trial court authorize Shuster's "to pay into the [trial court] the benefits payable under the [Plan] . . . and to distribute the appropriate percentages thereof to whichever party or parties [the trial court] determines to be the rightful recipients thereof." *Id.* at "Wherefore" Clause.

---

[1] The Decedent's wife, Susan Bazzo, "predeceased [the Decedent] on May 25, 2021." Amended Complaint, 8/15/22, at ¶ 10.

- 2 -

As the trial court explained:

> An Omnibus Petition to Adopt and Approve Settlement and Enter Decree of Distribution was presented to [the trial court on February 6, 2024], and upon indication by the attorneys of all parties' consent, the [trial court] signed a February 6, 2024 order and decree that settled the matter and distributed the funds at issue in this case. [Appellant's] then-counsel . . . executed a verified joinder to the petition.
>
> Despite the foregoing, a notice of appeal was filed by [Appellant] on February 15, 2024.

Trial Court Opinion, 4/2/24, at 1.

Although Appellant filed a timely notice of appeal, the deficiencies in Appellant's brief preclude our review. The Rules of Appellate Procedure set forth mandatory briefing requirements in Rules 2101-2140. Briefs filed with this Court must include: 1) a jurisdictional statement, 2) the order in question, 3) a statement of the scope and standard of review, 4) a statement of the questions involved, 5) a statement of the case, 6) a summary of the argument, 7) the argument, 8) the conclusion, 9) the trial court opinion, 10) a copy of the statement of errors complained of on appeal ("or an averment that no order requiring a statement of errors complained of on appeal . . . was entered"), and 11) certificates of compliance. *See* Pa.R.A.P. 2111(a). The argument section must be "divided into as many parts as there are questions to be argued" and develop claims through meaningful discussion supported by pertinent legal authority and citations to the record. Pa.R.A.P. 2111(a)(8); Pa.R.A.P. 2119. Additionally, briefs must include a table of contents and table of citations. Pa.R.A.P. 2174. We may quash or dismiss an appeal for failure

to comply with these briefing requirements. ***See Commonwealth v. Adams***, 882 A.2d 496, 497-498 (Pa. Super. 2005) (Superior Court may quash or dismiss appeals where non-conforming briefs have been filed). "Although the Superior Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Id.*** at 498.

The defects in Appellant's brief are substantial in that the brief lacks at least seven of the 11 requirements of Rule 2111(a) and lacks both a table of contents and a table of citations required by Rule 2174. Appellant's brief does not contain a statement of the questions involved making it difficult to identify the errors that Appellant asserts were made by the trial court. Moreover, the argument section is not "divided into as many parts as there are questions to be argued" nor does it develop claims through meaningful discussion supported by pertinent legal authority and citations to the record. ***See*** Pa.R.A.P. 2119; ***see also R.L.P. v. R.F.M.***, 110 A.3d 201, 208 (Pa. Super. 2015) ("arguments which are not appropriately developed are waived"). Accordingly, Appellant's failure to comply with the appellate briefing requirements precludes meaningful review by this Court. Thus, we dismiss this appeal.

Appeal dismissed. Jurisdiction relinquished. Oral argument scheduled for December 17, 2024, cancelled.

J-A29007-24

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/09/2024