J-S27043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NICHOLAS D'AMICO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORRAINE E. D'AMICO | : | |
| | : | |
| Appellant | : | No. 3382 EDA 2024 |

Appeal from the Order Entered November 22, 2024
In the Court of Common Pleas of Chester County Civil Division at No(s):
2020-03560-DI

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 30, 2025**

Appellant/Wife, Lorraine E. D'Amico, appeals *pro se* from the order entered in in the Court of Common Pleas of Chester County on November 22, 2024. We quash the appeal.

The facts and procedural history are not relevant to our disposition. Briefly, the parties were married on June 22, 1996. Appellee/Husband, Nicholas M. D'Amico, filed a divorce complaint in June 2020. The matter went to trial on January 30, 2024. Hearing Officer Samantha Cole issued her report and recommendation on May 23, 2024. On June 7, 2024, Wife filed "objections," which the trial court construed as timely filed exceptions pursuant to Pa.R.C.P. 1920.55-2(b). Husband filed a motion to dismiss Wife's

_____

[*] Former Justice specially assigned to the Superior Court.

exceptions. A hearing was held on the exceptions on August 30, 2024. The trial court entered an order denying Wife's exceptions and granting Husband's motion to dismiss on November 14, 2024. Wife filed a timely[1] notice of appeal on December 23, 2024. She was ordered to file a concise statement pursuant to Pa.R.A.P. 1925(b) which she filed on January 27, 2025. This appeal follows.

Initially, appellate briefs are required to conform to the Rules of Appellate Procedure. Pa.R.A.P. 2101. Pennsylvania Rule of Appellate Procedure 2119(a) requires that the argument section of an appellate brief include "citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue. ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009). Under Pennsylvania law, *pro se* litigants are subject to the same rules of procedure as are represented litigants. ***See Commonwealth v. Williams***, 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants are held to same standards as licensed attorneys).

Here, while Appellant purports to raise four issues, the argument section of her brief spans only two pages and contains only ten sentences. Appellant cites to no pertinent legal authority; her argument contains no citations to

_____

[1] The November 14, 2024, final order subject to the instant appeal was not docketed by the prothonotary until November 23, 2024.

- 2 -

caselaw and cites to only to "Section 3701 (b) of the Pennsylvania Code"[2] for the proposition that the court should have considered "financial misconduct in this marriage." Appellant's Br. at 15. Appellant's claims are so woefully undeveloped that we deem them waived. **Banfield v. Cortes**, 110 A.3d 155, 168 (Pa. 2015) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

While we recognize that Appellant is *pro se*, it is well settled that a *pro se* appellant is not entitled to any advantage due to their lack of legal training and must comply with procedural rules. **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (stating that "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). Appellant's failure to comply with our rules and set forth a coherent argument precludes meaningful review. Accordingly, we quash the appeal.

Appeal quashed.

_____

[2] Appellant was likely attempting to reference 23 Pa.C.S.A. § 3701(b)(14) which states, "In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including: . . . The marital misconduct of either of the parties during the marriage. . . ." We note that the Pennsylvania Code is distinct from the Pennsylvania Consolidated Statues.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2025