J-S61002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN J. LYNCH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BENJAMIN COOPER, ESQ., ALLAN SAGOT, ESQ., AND ALLAN SAGOT ASSOCIATES, | |
| Appellees | No. 1657 EDA 2018 |

Appeal from the Order Entered May 18, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2018, No. 01228

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

JUDGMENT ORDER BY BENDER, P.J.E.:        **FILED DECEMBER 20, 2018**

Appellant, John J. Lynch, appeals *pro se* from the trial court's order dismissing his complaint for failure to allege necessary elements of his legal malpractice cause of action. Due to substantial defects in Appellant's brief, we dismiss his appeal.

We need not discuss the facts underlying Appellant's appeal. Instead, we observe that,

> appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal

proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted).

In the case *sub judice*, Appellant's brief is missing several required sections under Pa.R.A.P. 2111, namely the order in question, a statement of the question(s) involved, and a summary of the argument. **See** Pa.R.A.P. 2111(a)(2), (4), (6). Further, Appellant's argument section does not comply with Rule 2119(a), which states that "[t]he argument section shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part … the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Instead, Appellant's argument consists of enumerated paragraphs that largely reiterate the factual allegations underlying the case. **See** Appellant's Brief at 7-9. Although Appellant cites to a few cases in his argument, he fails to provide any coherent analysis connecting them to his case and he does not clearly explain how they help establish his legal malpractice claim. **See, e.g.**, **id.** at 13 (citing to a case to support that a possible criminal remedy does not preclude a litigant from seeking a civil remedy). Other times, Appellant proffers no legal authority to support certain assertions. **See id.** at 7 (arguing that his complaint "does not meet the criteria for dismissal pursuant to the rule"). As a result, we view Appellant's arguments as undeveloped, conclusory, and confusing.

Based on the foregoing, we determine that the defects in Appellant's brief are substantial and preclude any meaningful appellate review. Accordingly, we dismiss Appellant's appeal.

Appeal dismissed. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/18