J-S68027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD DUANE CINKAN, JR. | : | |
| | : | |
| Appellant | : | No. 422 WDA 2018 |

Appeal from the Order Entered February 26, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000803-2013

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED APRIL 29, 2019**

Appellant Ronald Duane Cinkan, Jr., appeals *pro se* from the Order entered February 26, 2018, denying his *pro s*e Motion to Modify Sentence and for Specific Performance.  He contends that the sentence imposed on December 16, 2013, after he pled guilty contained a probationary term and a no-contact Order that were not part of his plea agreement and he was, therefore, not getting the benefit of the bargain from the agreement.  Because Appellant's Brief has substantial defects that hamper this Court's meaningful review, we dismiss this appeal.[1]

On December 16, 2013, the court held a hearing at which Appellant entered a negotiated guilty plea to five charged offenses in connection with the severe physical abuse of his newborn son. After the Commonwealth

_____

[1] We note that on January 21, 2019, this Court granted Appellant's request to file a Reply Brief.  That brief was filed on February 21, 2019.

_____

* Former Justice specially assigned to the Superior Court.

recited the recommended sentences, Appellant's attorney stated that he had discussed the offer with Appellant prior to the hearing, and Appellant had agreed to the terms and would plead guilty in exchange. The court colloquied Appellant, and Appellant pled guilty. *See* N.T., 12/16/13, at 3-5.

The court then sentenced Appellant to the negotiated concurrent terms of 6 to 20 years' incarceration on each of two counts of Aggravated Assault with serious bodily injury, the 7-year term of probation for Endangering the Welfare of Children, to be served consecutive to his term of imprisonment, and the no-contact order. The court indicated that the Commonwealth acknowledged that Appellant may seek to modify the no-contact condition without violation of the plea agreement. *Id*. at 9. The court also noted that "[t]he Commonwealth doesn't necessarily agree there will be a modification." *Id*. The court imposed no further sentences on the two remaining convictions. Appellant did not object during the sentencing proceeding, did not seek to withdraw his plea, and did not file a Post-Sentence Motion or a direct appeal.[2]

Relevant to this appeal, on February 7, 2018, Appellant filed a *pro se* "Motion to Modify Sentence and Specific Performance." By Order dated February 26, 2018, the court denied the Motion, noting that "at the time of

_____

[2] Appellant filed an untimely Post-Conviction Relief Act Petition, which the court denied on May 18, 2016. Appellant did not appeal. Subsequently, he filed a *pro se* Motion to Modify the no-contact order, which the court also denied. Appellant appealed, but ultimately withdrew his appeal. *See Commonwealth v. Cinkan*, No. 701 WDA 2017.

the plea, [Appellant] was told that he could petition to modify the "no[-] contact" condition. [Appellant] was never told that the condition would, in fact be modified." Order, dated 2/26/18.

Appellant filed a timely *pro se* appeal.[3] He raises the following issue: "Did the sentencing court breach it[s] contract with the Appellant when the Appellant accepted a negotiated plea of only 6 – 20 years and the payment of court costs, but at sentencing the court imposed an additional 7 years of probation and a no-contact order that the Appellant did not agree to?" Appellant's Brief at 2. Appellant states that he "appeals to have the original plea agreement enforced." *Id*. at 3.

As noted above, the record reveals that, contrary to his statement, Appellant accepted the terms of the sentence for each offense on the record in front of the court. Accordingly, his claim that he accepted a plea only for 6-20 years' incarceration is absolutely belied by the record.

Moreover, in his five paragraph "argument," comprised mostly of citations to boilerplate case law pertaining to plea agreements as enforceable contracts, Appellant utterly fails to cite to the notes of testimony from the

---

[3] The court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. The court submitted a Rule 1925(a) statement, directing our attention to the Order and the Notes of Testimony from the plea and sentencing hearing of December 16, 2013.

guilty plea and sentencing hearing.[4]  **See** Pa.R.A.P. 2119(c) (requiring citation to record).

Further, although Appellant references his Guilty Plea Petition annexed to his Brief that contains a notation that he agreed to a 6 – 20 year imprisonment sentence, Appellant utterly fails to develop any argument to support the implication that because his Guilty Plea Petition said one thing, but his actual plea entered in open court differed, he was not getting the benefit of his bargain.  **See** Pa.R.A.P. 2119(a)-(e) (setting forth briefing requirements).  Such failure significantly hampers our review.

Because Appellant has failed to provide a developed argument with citation to the record and analysis of his issue, we dismiss this appeal.  **See** Pa.R.A.P. 2101 (providing for dismissal of appeal for significant failure to comport with briefing rules); **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (noting that "[a]lthough this Court is willing to liberally construe materials filed by a pro se litigants, pro se status confers no special benefit upon the appeal."  (internal citation omitted)).

Appeal dismissed.

---

[4] **See** Appellant's Brief at 5-6.  Appellant annexed a copy of a Guilty Plea Petition to his Brief.  **See** Exh. A, annexed to Appellant's Brief.  The Commonwealth cited notes of testimony from the plea and sentencing proceeding, which indicate that each of the terms was discussed with and agreed upon by Appellant. **See** Commonwealth's Brief at 10-11, quoting N.T. – Plea/Sentencing, 12/16/13, at 3-4, 8-9.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/29/2019</u>