J. A12036/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                         :                PENNSYLVANIA
             v.                           :
                                             :
CHERRIE R. NEICE,                    :            No. 1474 WDA 2018
                                             :
                 Appellant          :

Appeal from the Judgment of Sentence Entered October 10, 2018,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-SA-0001446-2018

BEFORE:  BENDER, P.J.E., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          FILED JULY 25, 2019

Cherrie R. Neice appeals pro se from the October 10, 2018 judgment of sentence of a $100 fine imposed after she was found guilty of the summary offense of disorderly conduct.[1]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> The incident occurred in the Upper Saint Clair public municipal building that also housed the library. Kathleen Paulison testified that on July 27, 2017, as she was leaving the library with her 10 year old son, [appellant] suddenly appeared and became aggressive towards her son and screamed at him "what the f[***], what the f[***] is wrong with this kid.  He needs to get the f[***] out of my way. [Appellant] directed the f-word towards Ms. Paulison's son seven times and once towards her.  Ms. Paulison stated that she was conversing with her son in a calm,

---

[1] 18 Pa.C.S.A. § 5503(a)(3).

quiet manner before [appellant] aggressively approached them. She did not know the reason for [appellant's] aggression.

Trial court opinion, 1/4/19 at 1-2 (citations to notes of testimony omitted).

A non-traffic citation, No. 1214295-5, was filed against appellant on July 31, 2017, charging her with the aforementioned summary offense of disorderly conduct. Following a magisterial hearing, appellant was found guilty and ordered to pay a fine and costs totaling $460.50. Appellant filed a timely summary appeal, and a de novo hearing was held before the Honorable Thomas E. Flaherty of the Court of Common Pleas of Allegheny County on October 10, 2018. Both Kathleen Paulison and Upper St. Clair Police Officer Michael Lidenfelser testified at this proceeding. As noted, the trial court found appellant guilty of disorderly conduct and sentenced her to pay a $100 fine that same day. Thereafter, appellant filed a timely notice of appeal and a court-ordered concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court, in turn, filed its Rule 1925(a) opinion on January 4, 2019.

Preliminarily, we recognize that appellant's 61-page pro se brief does not include a single citation to relevant legal authority, nor does it make any mention of the specific elements of Section 5503(a)(3), the crime for which she was found guilty. "Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant[.]" Commonwealth v. Adams, 882 A.2d 496, 498

- 2 -

(Pa.Super. 2005) (citation omitted). "To the contrary, any person choosing to represent [her]self in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." Id.

As best we can discern from appellant's Rule 1925(b) statement and appellate brief, appellant first contends that there was insufficient evidence to sustain her summary conviction for disorderly conduct. For the following reasons, we find that appellant has waived this claim.

Rule 1925(b) provides, inter alia, that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P.1925(b)(4)(vii). In Commonwealth v. Garland, 63 A.3d 339 (Pa.Super. 2013), a panel of this court held the appellant had waived his sufficiency of the evidence claim where his Rule 1925(b) statement simply averred the evidence was legally insufficient to support his convictions. Id. at 344. It is well settled that,

> [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient.

Id. (citations and internal quotation marks omitted).

Here, our review of the record establishes that appellant has waived her sufficiency claim by failing to identify in her Rule 1925(b) statement the specific elements of disorderly conduct that the Commonwealth failed to prove. Rather, appellant's Rule 1925(b) statement avers, "Judge

Thomas Flaherty erred in finding that Officer Michael Lindenfelser and Kathleen Paulison met their burden of proof along with the fact that there was not sufficient evidence presented at the Summary appeal hearing." (Rule 1925(b) statement, 12/6/18, at unnumbered page 1, ¶ 2.) Appellant's "Statement of Questions Involved" also fails to specify the elements of disorderly conduct that she is challenging on appeal. (See appellant's brief at 5-6.) Rather, appellant simply argues that the testimony presented by the Commonwealth's witnesses was inconsistent and contradictory and challenges the trial court's credibility determinations:

> Judge Thomas Flaherty was negligent and erred in finding that Officer [] Lindenfelser and Kathleen Paulison met the required weight of evidence proving guilt beyond a reasonable doubt when there was insufficient evidence presented at the summary appeal hearing.
>
> . . . .
>
> Kathleen Paulison, [w]itness, under oath, repeatedly made fabricated subjective and opinionated statements along with contradictory testimony. She was biased. This is evidenced in the court transcript. This defines her as a witness that is not credible.
>
> Officer [] Lindenfelser, [w]itness, under oath, demonstrated police misconduct with his contradictory testimonial version of events. This is evidenced in the court transcript.

Appellant's brief at 5-6 (extraneous capitalization omitted); see also Rule 1925(b) statement, 12/6/18, at unnumbered page 1, ¶¶ 4-5.

Appellant's claim as presented does not properly implicate the sufficiency of the evidence. An allegation that a witness's testimony is inconsistent or unreliable goes to the weight of the evidence, and appellant's dissatisfaction with the trial court's credibility determinations does not provide her with a basis for relief on sufficiency review. Here, as noted, both Kathleen Paulison and Officer Lidenfelser testified on behalf of the Commonwealth at the October 10, 2018 de novo hearing. The Honorable Thomas E. Flaherty, sitting as fact-finder, found testimony of the Commonwealth's witnesses credible and elected not to believe appellant's version of the events. (See trial court opinion, 1/4/19 at unnumbered 2.) We are precluded from reweighing the evidence and substituting our judgment for that of the fact-finder. Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013).

For the foregoing reasons, we affirm the trial court's October 10, 2018 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2019