J-A23005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VERNON LEROY EALY, JR. | : | |
| | : | |
| Appellant | : | No. 1614 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 1, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001263-2017

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                **FILED: OCTOBER 28, 2022**

Vernon Leroy Ealy, Jr. appeals from the judgment of sentence of seven days to six months of incarceration imposed after the trial court convicted him of driving under the influence ("DUI") – high rate of alcohol (first offense) and DUI – general impairment (first offense).  We affirm.

At approximately 4:00 a.m. on April 2, 2017, Pennsylvania State Police ("PSP") Trooper Brett Vinglas was patrolling at a traffic signal in full uniform and a marked PSP patrol cruiser in Franklin County when he observed a white Acura sedan turn left without signaling.  *See* N.T. Suppression Hearing, 10/10/19, at 9.  As a result, Trooper Vinglas began following the sedan and watched as the driver weaved, crossing the lane markings twice.  *Id*. at 10.  First, an entire tire went completely over the rightmost double yellow line

---

[*] Former Justice specially assigned to the Superior Court.

dividing the lanes. *Id*. Second, the trooper observed the sedan touch the fog line on the right side of the vehicle without crossing over completely. *Id*. at 11. Additionally, Trooper Vinglas noted that the vehicle travelled ten miles per hour over the posted speed limit for three-tenths of a mile. *Id*. Based upon these observed traffic violations, Trooper Vinglas attempted to initiate a traffic stop by activating his overhead lights. Based on his experience, the nature of the violations, and time of day, Trooper Vinglas also suspected the operator was driving impaired.[1] *Id*. at 12. After the driver failed to yield, Trooper Vinglas activated his siren. *Id*. at 13. The driver continued for another block before pulling into a parking spot. *Id*. at 14. The events leading up to the traffic stop were captured on the mobile video recorder ("MVR") on Trooper Vinglas's vehicle.

Trooper Vinglas approached the driver's side of the vehicle and Appellant opened the driver's side door. *See* N.T. Non-Jury Trial, 6/9/21, at 11. Upon contact with Appellant, Trooper Vinglas noticed a strong odor of alcoholic beverage emanating from his person and breath, bloodshot glassy eyes, slurred speech, and staggering gait. *Id*. at 12. Appellant admitted to consuming one beer and agreed to submit to a horizontal gaze nystagmus ("HGN") test. *Id*. at 13. Appellant refused to participate in any other field

---

[1] Trooper Vinglas testified that he had been employed by the PSP for approximately six years and had conducted over one hundred DUI investigations. *See* N.T. Suppression Hearing, 10/10/19, at 7-9. Additionally, he received specialized training in the administration of field sobriety tests and was certified in ARIDE: Advanced Roadside Impaired Driving Enforcement. *Id*. at 8.

sobriety testing. *Id*. at 13. Next, Trooper Vinglas asked Appellant to conduct a preliminary breath test ("PBT"). *Id*. Afterwards, Trooper Vinglas arrested Appellant and transported him to the Chambersburg Hospital where Appellant consented to a blood draw. *Id*. at 14-15. Chemical testing revealed Appellant's blood alcohol content ("BAC") was .145. *Id*. at 38. After the blood draw, Trooper Vinglas took Appellant to the PSP barracks, where he was fingerprinted and released.

Appellant was charged with DUI – general impairment, DUI – high rate of alcohol, and various summary traffic infractions.[2] After several continuances, multiple counsel changes, and a mistrial, Appellant, with the assistance of Kevin Taccino, Esquire, filed an omnibus pretrial motion on July 25, 2019.[3] In the motion, Appellant requested the court to exercise its discretion and hear the untimely suppression motion due to Attorney Taccino's

_____

[2] The summary traffic offenses were withdrawn at the beginning of the non-jury trial. *See* N.T. Non-Jury Trial, 6/9/21, at 4.

[3] Appellant was initially represented by the Franklin County Public Defender's Office, which was allowed to withdraw after Appellant filed a complaint with the disciplinary board on July 14, 2017. Eric Weisbrod, Esquire, was appointed from July 14, 2017 to March 1, 2019, and represented Appellant at his first non-jury trial before Appellant expressed dissatisfaction with his representation and he was allowed to withdraw. The firm of Kulla, Barkdoll, and Steward was appointed and allowed to withdraw on the same day. David Dugle, Esquire, was appointed and allowed to withdraw after less than a month due to a conflict of interest. Attorney Taccino was appointed April 22, 2019, and filed the first omnibus pretrial motion, before an adversarial relationship emerged between him and Appellant, resulting in his withdrawal. Thereafter, Appellant proceeded *pro se* with Shawn Stottlemyer, Esquire, as stand-by counsel. Attorney Stottlemyer became Appellant's attorney of record on January 3, 2020, and continues in that role in this appeal.

recent appointment. Substantively, Appellant alleged that the police lacked probable cause to effectuate a stop of his vehicle. Before the hearing could be held on the motion, Attorney Taccino filed a motion to withdraw, which was granted. Thereafter, Appellant elected to proceed *pro se* with the assistance of instant counsel, who was then acting solely as stand-by counsel. On October 10, 2019, the court held a suppression hearing at which Officer Vinglas testified and Appellant attacked the legality of the traffic stop. The court took the matter under advisement so that the parties could submit post-hearing briefs. After receiving briefs from both sides, the trial court issued an order and opinion denying the motion on December 16, 2019.

As noted, on January 3, 2020, instant counsel was appointed as counsel for Appellant at Appellant's request. On January 28, 2020, Appellant filed a motion for leave to file a second omnibus pretrial motion to suppress the results of blood alcohol testing, claiming that the sample was coerced by law enforcement. Specifically, Appellant contended that he submitted to the blood draw after Trooper Vinglas threatened to take him to jail by way of a call to Appellant's probation officer if he did not agree to have his blood drawn. *See* Omnibus Pretrial Motion, 1/10/20, at ¶¶ 19-20. In his motion, Appellant again requested that the trial court overlook the untimeliness of his motion, alleging that the process had been confusing due to the many attorneys he had. The Commonwealth filed a response arguing the motion was untimely and should be denied. On February 21, 2020, the trial court agreed with the Commonwealth and denied the motion as untimely filed pursuant to

Pa.R.Crim.P. 579, which governs the time frame for filing omnibus pretrial motions.

On June 9, 2021, Appellant, represented by Attorney Stottlemyer, proceeded to a nonjury trial. At the trial, the Commonwealth presented the testimony of Trooper Vinglas, a phlebotomist, and a medical technologist, as well as the MVR from Trooper Vinglas's patrol vehicle. Afterwards, the trial court found Appellant guilty of the aforementioned charges. On December 1, 2021, the trial court imposed a sentence of not less than seven days nor more than six months of imprisonment. Appellant did not submit a post-sentence motion. Instead, this timely direct appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the trial court erred in its order of December 16, 2019 denying [Appellant's] pretrial motion to suppress evidence due to a lack of probable cause to effectuate a stop of [Appellant's] vehicle?

2. Whether the trial court erred in its order of February 21, 2020 denying [Appellant's] pretrial motion to suppress results of blood alcohol testing due to coercion of law enforcement in obtaining sample?

Appellant's brief at 4 (unnecessary capitalization omitted).

In his first claim, Appellant argues that the trial court abused its discretion when it denied his first suppression motion. *Id*. at 6. Preliminarily, we note as follows:

An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining

whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa.Super. 2017) (cleaned up).

In circumstances where a motor vehicle code violation is such that it requires no additional investigation, the officer must possess probable cause before initiating the traffic stop. *See Commonwealth v. Harris*, 176 A.3d 1009, 1019 (Pa.Super. 2017). Probable cause exists where "the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Martin*, 101 A.3d 706, 721 (Pa. 2014). When making a probable cause determination, we consider the totality of the circumstances from the vantage point of a "prudent, reasonable, cautious police officer on the scene at the time." *Id*.

Appellant argues that Trooper Vinglas lacked probable cause to stop the vehicle because the MVR disproved his testimony regarding whether Appellant

used his turn signal, crossed the double-yellow line, and was speeding. *See* Appellant brief at 7. Specifically, Appellant contends that the MVR showed the trooper was parked too far away to determine whether Appellant activated his turn signal, did not depict Appellant crossing any lines, and proved that the trooper did not have occasion to accurately determine Appellant's speed. *Id*. at 7-8.

In its order and opinion, the suppression court disagreed with the conclusions Appellant drew from the apparent discrepancies between Trooper Vinglas's testimony and the MVR, explaining:

> [Appellant] challenges the veracity of Trooper Vinglas'[s] testimony, claiming it is contradicted by the MVR. The court notes that MVRs rarely show scenes in the detail direct observers, such as PSP troopers, can [observe]. Upon review of the MVR by the court, it neither confirms nor refutes Trooper Vinglas'[s] testimony. At the time of the asserted left turn signal violation [Appellant's] vehicle is too far away for the MVR to capture significant detail, such as whether [Appellant] activated his turn signal. The MVR shows [Appellant's] driving was not perfect, but not if or how far [Appellant] deviated from his lane of travel.[5] The MVR also does not display speed. However, as we find Trooper Vinglas'[s] testimony credible, we rely upon it to reach our conclusions.
>
> _____
> [5] This is due in part to the fact that Trooper Vinglas appeared to be farther from [Appellant] than the "three to four car lengths" he testified to on cross examination. This discrepancy is not significant enough to cause the court to doubt the rest of Trooper Vinglas'[s] testimony.

Trial Court Opinion, 12/16/19, at 3 (unnecessary capitalization omitted).

Our review of the certified record supports the determinations of the trial court that led it to conclude that the trooper possessed the requisite

probable cause to initiate the traffic stop. Trooper Vinglas testified that he observed Appellant's vehicle make a left-hand turn without activating his turn signal. *See* N.T. Suppression Hearing, 10/10/19, at 9. Trooper Vinglas also stated that he watched the vehicle cross over the double yellow lines and touch the white fog line. *Id*. at 10-11. Finally, Trooper Vinglas explained that he followed Appellant's vehicle at a steady pace for approximately three tenths of a mile and "clocked" the vehicle traveling ten miles per hour over the speed limit. *Id*. All three of Trooper Vinglas's observations qualified as violations of the Motor Vehicle Code. *See* 75 Pa.C.S. § 3334(a) (turning movements and required signals); 75 Pa.C.S. § 3309(1) (disregarding traffic lane); 75 Pa.C.S. § 3362(a)(3-10) (exceeding maximum speed by ten miles per hour). Additionally, our own review of the MVR confirmed the trial court's findings that it "neither confirm[ed] nor refut[ed]" the trooper's testimony, as the vehicle was not pointed in the exact direction of the traffic signal and the resolution was poor. Accordingly, we agree that Trooper Vinglas possessed sufficient probable cause to effectuate the traffic stop and Appellant's first issue merits no relief.

In his second issue, Appellant asserts that the trial court should have accepted his untimely motion for leave to file a second suppression motion because "the lack of time spent with [prior] attorney[s]" left him unable to challenge the circumstances of the blood draw earlier. *See* Appellant's brief at 10. We review the trial court's decision on an untimely omnibus

suppression motion for an abuse of discretion. **See Commonwealth v. Warren**, 226 A.3d 627, \*5 (Pa.Super. 2020) (nonprecedential decision) (quoting **Commonwealth v. Micklos**, 672 A.2d 796, 802 (Pa. 1996)). An abuse of discretion is not a mere error of judgment, but rather it exists where the judge acts manifestly unreasonably, misapplies the law, or acts with partiality, bias, or ill will. **Id**. citing **Micklos**, **supra** at 803.

The Rules of Criminal Procedure require defendants to file suppression issues within an omnibus pretrial motion and to "state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof." Pa.R.Crim.P. 581(D). A defendant must file and serve the omnibus motion "within [thirty] days after arraignment, unless [(1)] opportunity therefor[e] did not exist, [(2)] defendant or defense attorney . . . was not aware of the grounds for the motion, or [(3)] unless the time for filing has been extended by the court for cause shown." Pa.R.Crim.P. 579(A).

If a defendant files an untimely omnibus pretrial motion, the issue within "shall" be deemed waived "unless the opportunity to raise the issue did not previously exist" or the court excuses the defendant's tardiness in the "interests of justice." Pa.R.Crim.P. 581(B); **see also** Pa.R.Crim.P. 581, cmt. ("It should be noted that failure to file the motion within the appropriate time limit constitutes a waiver of the right to suppress."). When evaluating whether an exception to the Rule 579(A) time bar would be in the "interests of justice,"

trial courts consider "the length and cause of the delay, the merits of the suppression claim, and the court's ability, considering the complexity of the issues and the availability of the witnesses, to hold the hearing promptly." **Commonwealth v. Castro**, 229 A.3d 346, *2 (Pa.Super. 2020) (nonprecedential decision) (quoting **Commonwealth v. Brown**, 378 A.2d 1262, 1266 (Pa.Super. 1977)). Courts are reluctant to excuse untimely motions arguing issues that the defendant could have timely raised by the original due date. **See Commonwealth v. Johonoson**, 844 A.2d 556, 561 (Pa.Super. 2004) (finding the trial court properly denied a defendant's supplemental suppression motion as untimely where the defendant knew the facts and circumstances surrounding the traffic stop at the time of his original suppression motion, but limited the original motion to a different issue).

It is undisputed that both of Appellant's omnibus suppression motions were untimely. The record reflects that the trial court excused the untimeliness of Appellant's first omnibus motion and held a hearing on it. At that hearing, Appellant proceeded *pro se* with the assistance of stand-by counsel. However, Appellant did not challenge the legality of his blood draw at that hearing. It was not until three months later, after the court had denied the original motion and Appellant accepted the representation of stand-by counsel, that Appellant submitted a motion requesting leave to advance a second omnibus suppression motion challenging the legality of the blood draw. Accordingly, the trial court denied this supplemental motion as untimely,

finding that the information was available to Appellant at the first hearing. *See* Order, 2/21/20, at 1-2. We discern no abuse of discretion by the trial court.

Appellant's claim that he failed to raise this issue sooner due to confusion over rotating attorney representation is unavailing. Appellant knew the facts and circumstances surrounding the blood draw at the time that he litigated his first suppression motion. Acting *pro se*, Appellant plainly could have argued during his suppression hearing, or included in his post-hearing brief, that the blood draw was coerced. Appellant did not do so. Accordingly, the fault rests with him, not prior counsel. **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.Super. 2005) ("[A]ny person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." (citation omitted)). Furthermore, Appellant has not convinced us that the circumstances surrounding the repeated changes of counsel at Appellant's insistence are such that the interests of justice required allowance of a second untimely motion. Since we see no error of law or abuse of discretion in the court's decision to deny Appellant's second omnibus suppression motion as untimely, Appellant's second issue also merits no relief.

Therefore, because we conclude that neither of Appellant's issues merit relief, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2022