J-S14014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PHILLIP A. REHWALD | : | |
| | : | |
| Appellant | : | No. 994 WDA 2022 |

Appeal from the PCRA Order Entered August 17, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006354-2015

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED:  May 26, 2023**

Phillip A. Rehwald appeals, *pro se*, from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because we find that all of Rehwald's issues are waived, we affirm the PCRA court's order.

In 2016, Rehwald was convicted of two counts of sexual abuse of children and one count of invasion of privacy, arising from an incident in which Rehwald recorded his 14-year-old neighbor getting out of the shower and transferred the video to the girl's laptop. The trial court sentenced Rehwald to 11½ to 23 months in prison, followed by 5 years' probation. The court also imposed lifetime sex offender registration and ordered Rehwald to comply with

---

[*] Retired Senior Judge assigned to the Superior Court.

the conditions of sex offender court. Rehwald filed a direct appeal, which was ultimately discontinued.

After Rehwald was unsuccessfully discharged from his court-ordered treatment plan twice, the trial court revoked Rehwald's probation and sentenced him to 2 to 8 years in prison, with credit for time served. Rehwald filed a direct appeal, which was again discontinued.

This Court previously summarized what next transpired:

> [Rehwald] filed a timely *pro se* PCRA petition [in February 2020.] Despite having appointed counsel, [Rehwald] continued to file numerous *pro se* pleadings. As a result, PCRA counsel filed a motion requesting to withdraw, indicating that there was a breakdown in the attorney-client relationship and that [Rehwald] wished to "fire" him but keep him as co-counsel. Following an October 30, 2020 hearing, the PCRA court found that [Rehwald] had intentionally forfeited his right to counsel by engaging in dilatory conduct, such as refusing to cooperate with the proceeding. The PCRA court advised [Rehwald] that he could proceed *pro se* or retain private counsel and that he had thirty days to file an amended PCRA petition. After the hearing, the court issued an order detailing the same. Thereafter, [Rehwald] filed *pro se* two "legal letters," a motion for transcripts and a motion to declare the case complex, the last of which was granted. While [Rehwald] did not file an amended PCRA petition, he did set forth additional allegations in his legal letters. …

***Commonwealth v. Rehwald***, 272 A.3d 450, 362 WDA 2021 (Pa. Super. filed Jan. 3, 2022) (unpublished memorandum at 3-4). The PCRA court dismissed the petition without holding a hearing or properly issuing Pa.R.Crim.P. 907 notice of intent to dismiss. Accordingly, on appeal, this Court vacated the PCRA court's order and remanded for the proper issuance of a Rule 907 notice. ***See id.*** (unpublished memorandum at 6-7).

On January 10, 2022, the PCRA court issued a Rule 907 notice in compliance with this Court's order. Court-appointed counsel filed a response as well as an amended PCRA petition on Rehwald's behalf. Rehwald continued to file a multitude of *pro se* documents despite being represented,[1] and counsel requested a determination of whether Rehwald had forfeited his right to counsel. The PCRA court concluded that Rehwald had forfeited his right to counsel through extremely serious dilatory conduct, including remaining uncooperative with counsel and filing untimely appeals which interfered with the PCRA court's jurisdiction to complete these proceedings, and granted counsel leave to withdraw. The court also advised Rehwald that he could proceed *pro se* or with privately retained counsel and that he had 30 days to file "a single amended PCRA petition which shall explicitly set forth, without incorporating by reference any other document of portion thereof, all claims for post-conviction relief which he wishes to raise…." Order, 5/25/22.

Rehwald filed an amended PCRA petition *pro se* on June 14, 2022. Rehwald also continued to barrage the court with other *pro se* filings. The PCRA court issued a Rule 907 notice of its intent to dismiss on the basis that

---

[1] Rehwald filed various *pro se* pleadings both in the PCRA court and in this Court. This included *pro se* filings in this Court, which were forwarded to the PCRA court and appointed counsel, and *pro se* notices of appeal, which resulted in praecipes to discontinue filed by counsel and quashals by this Court.

his claims were either waived or lack merit. Rehwald filed a response. On August 17, 2022, the PCRA court dismissed the PCRA petition.

Rehwald filed a timely *pro se* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Since that time, Rehwald has continued to file *pro se* documents with the PCRA court. He has also filed several *pro se* applications for relief and applications to compel in this Court, all of which were denied. As the PCRA court noted, Rehwald's *pro se* filings, including his Rule 1925(b) concise statement, were "incomprehensible and at times illegible." PCRA Court Opinion, 12/6/22, at 3 n.2; *id.* at 4.

Much like his previous *pro se* filings, Rehwald's appellate brief contains a combination of typewritten and primarily illegible handwritten arguments. From what we are able to discern from his brief, Rehwald generally argues 1) all prior counsel were ineffective; 2) the trial court erred by finding he violated his probation and imposing a revocation sentence; 3) he was denied his right to a preliminary hearing; and 4) his sentence is illegal. However, Rehwald's arguments are rambling and incoherent, and include references to inapplicable sources including Shakespeare.

The defects in Rehwald's brief are substantial and prevent meaningful appellate review. We recognize that this Court may liberally construe *pro se* materials. **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005). However, "*pro se* status confers no special benefit upon the appellant

… [and] any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* (citations omitted). Rehwald failed to develop any of his claims in a manner capable of meaningful appellate review, and therefore, they are waived. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2023