J-S09004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :
             v.                   :
                                 :
                                 :
JOHN JONES                  :
                                 :
            Appellant       :    No. 2005 EDA 2023

Appeal from the PCRA Order Entered June 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006302-2016

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.*

MEMORANDUM BY LAZARUS, P.J.:         **FILED MARCH 31, 2025**

    John Jones appeals from the order, entered in the Court of Common
Pleas of Philadelphia County, denying his motion for post-conviction DNA
testing pursuant to section 9543.1 of the Post Conviction Relief Act.[1] After
our review, we affirm.

    On April 27, 2017, Jones was convicted, after a nonjury trial, of two
counts of first-degree murder and related firearms offenses in conjunction
with two shootings done in retaliation for the murder of Jones' brother. He
was immediately sentenced to an aggregate term of life without the possibility
of parole. On October 10, 2018, this Court affirmed Jones' judgment of
sentence, *see Commonwealth v. Jones*, 200 A.3d 544 (Pa. Super. 2018)

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

(Table), and our Supreme Court denied review on March 12, 2019.  ***See id.***, 204 A.3d 359 (Pa. 2019) (Table).

On November 18, 2019, Jones filed a *pro se* PCRA petition.  The PCRA court appointed counsel, who filed an amended petition.  The court dismissed Jones' petition on November 5, 2021, and this Court affirmed.  ***See id.***, 289 A.3d 77 (Pa. Super. 2022) (Table).

On March 15, 2023, Jones filed the instant motion for post-conviction DNA testing.  Specifically, Jones requested testing of his pretrial discovery documents to determine whether they had been handled by Reginald Hutson, a Commonwealth witness to whom Jones made incriminating admissions while the two were incarcerated together.  Hutson denied at trial that he learned of the facts of Jones' case by reviewing Jones' discovery materials.  **See** N.T. Trial, 4/26/17, at 88-90.  In his motion, Jones argued that the DNA testing would show that Hutson, "the only reliable witness" in his case, "lied and committed perjury on the stand[,] which would impeach him as a witness and make his testimony un[]reliable to the Commonwealth."  Motion for Postconviction DNA Testing, 3/15/23, at ¶¶ 4, 5.  Jones averred that DNA testing would prove his actual innocence.

The PCRA court dismissed Jones' motion on June 30, 2023.  Jones filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

We begin by noting that Jones' brief fails to comply with the Pennsylvania Rules of Appellate Procedure.  The brief does not contain a

statement of jurisdiction, a statement of the scope and standard of review, a statement of questions presented, a statement of the case, or a summary of the argument. *See* Pa.R.A.P. 2111(a). Moreover, the brief contains minimal citation to relevant case law, statutory authority, or reference to the record. *See* Pa.R.A.P. 2119. In such circumstances, we may quash the appeal. ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005) ("This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."). However, because we are able to glean the gist of Jones' appellate claim, we decline to do so.

Essentially, Jones argues that, due to the cumulative unreliability of all the other fact witnesses, his ability to impeach Hutson—the only witness to testify consistently with his police statement—would enable him to demonstrate his actual innocence. Jones is entitled to no relief.

Our standard of review is as follows:

Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in [s]ection 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

***Commonwealth v. Walsh***, 125 A.3d 1248, 1252–53 (Pa. Super. 2015) (citation omitted).

- 3 -

Section 9543.1(a)(2) of the PCRA sets forth three alternative threshold requirements that an applicant must establish to obtain DNA testing of evidence discovered prior to his conviction:

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S.A. § 9543.1(a)(2).

Here, Jones does not meet these threshold requirements.

Our jurisprudence interpreting subsection 9543.1(a)(2) has recognized that an applicant's motion for DNA testing of evidence discovered prior to the applicant's conviction meets the threshold requirement with respect to untested evidence only if "it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency. **Commonwealth v. Williams**, 35 A.3d 44, 49 (Pa. Super. 2011). **See also Walsh**, 125 A.3d at 1254 (quoting **Commonwealth v. Perry**, 959 A.2d 932 (Pa. Super. 2008)) (holding PCRA counsel was not ineffective for declining to pursue post-conviction DNA testing where technology for testing existed at time of trial, verdict came after January 1, 1995, and court had not refused request for funds for testing; consequently, appellant could not have met his threshold burden under [s]ection 9543.1(a)(2)).

***Commonwealth v. Rowe***, 293 A.3d 733, 740 (Pa. Super. 2023).

Here, the "evidence" Jones seeks to have tested—his pretrial discovery documents—has been in his possession since prior to his trial, which took place in April 2017, after the January 1, 1995 cut-off date for testing items when trial counsel failed to previously request it. DNA testing was available at the time of Jones' trial, but there is no evidence that his trial counsel ever requested DNA testing on the documents, much less that the trial court denied such a request. Accordingly, the PCRA court properly denied Jones' motion for DNA testing. ***See id.***; ***see also Commonwealth v. Goyette***, 287 A.3d 869 (Pa. Super. 2022) (Table)[2] (failure to meet any of section 9543.1(a)(2)'s threshold requirements grounds for denial of motion for DNA testing).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025

_____

[2] ***See*** Pa.R.A.P. 126(b) (unpublished memorandum decisions issued after May 1, 2019 may be cited for persuasive value)