J-S44019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                         :  PENNSYLVANIA
                                         :
                 v.                     :
                                         :
                                         :
DOMINIC JONES                    :
                                         :
               Appellant     :  No. 1292 EDA 2025

Appeal from the Judgment of Sentence Entered April 22, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000892-2024

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED JANUARY 22, 2026**

Appellant, Dominic Jones, appeals *pro se* from the April 22, 2025 judgment of sentence entered in the Chester County Court of Common Pleas following his conviction of Harassment.[1]  Upon review, we dismiss this appeal due to the substantial defects in Appellant's brief.

A detailed recitation of the procedural and factual history is unnecessary to our disposition.  Briefly, on April 22, 2025, the trial court convicted Appellant of a summary offense of Harassment.  On the same day, the court sentenced Appellant to pay a fine of $300 and cost of prosecution.

Upon learning that Appellant intended to appeal the conviction, trial counsel requested the court's permission to withdraw as Appellant's counsel. The trial court permitted counsel to withdraw on the basis that the Public

_____

[1] 18 Pa.C.S. 2709(a)(3).

Defender's Office does not represent appellants appealing summary convictions.[2]  This timely *pro se* appeal followed.[3]

In his four-page handwritten brief, Appellant expresses general grievances regarding the factual narrative of the case, the arresting officer's conduct, and the trial process.  However, the substantial defects in his brief preclude meaningful review.

Appellate briefs must materially conform to the requirements set forth in our Rules of Appellate Procedure, and we may quash or dismiss an appeal if the defect in the brief is substantial.  ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101.  "The brief must support the claims with pertinent discussion, with references to the record[,] and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citing Pa.R.A.P. 2119 (a)-(c); remaining citation omitted). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super.

---

[2] ***See*** Pa.R.Crim.P. 122(A)(1) (stating that, in summary cases, defendants who are unable to employ counsel are only entitled to appointed counsel if there is a likelihood that incarceration will be imposed).

[3] On May 22, 2025, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).  On June 30, 2025, Appellant filed a handwritten document generally alleging trial court error.  The trial court noted that the "document was difficult to follow" but nevertheless issued a Rule 1925(a) opinion finding that the Commonwealth met the burden of proof required to convict Appellant of Harassment.  Trial Ct. Op., 12/1/25, at 1 n.1.

2003).  As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." **Hardy**, 918 A.2d at 771.

The substantial defects in Appellant's brief preclude meaningful appellate review.  Appellant fails to include, *inter alia*, a statement of jurisdiction, statement of questions involved, or statement of the case.  **See** Pa.R.A.P. 2114, 2116, 2117.  Further, Appellant's argument section is substantially underdeveloped: he fails to provide citation to any legal authority to support his arguments and, accordingly, fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and caselaw.  **See id.** at 2119(a).  Accordingly, Appellant's brief fatally impedes our review and we, thus, dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/22/2026